STEPHEN BALDWIN v. GEORGE S. HOSMER, CIRCUIT JUDGE OF WAYNE COUNTY.

*Receivers—Garnishment proceedings—Injunction—Mandamus.*

Where after the appointment in a foreign state of a receiver of the property of a benefit association organized under the laws thereof, but prior to an ancillary receivership in this State, garnishment proceedings are instituted in aid of suits commenced against the association upon matured benefit certificates issued to members in this State, the plaintiffs have a right to be heard in such proceedings, and an injunction to

restrain the prosecution of the same is properly refused; but such local receiver is also entitled to be heard therein.[1]

*Mandamus.* Argued April 3, 1894. Denied July 10, 1894.

Relator applied for *mandamus* to compel respondent to issue an injunction restraining the prosecution of certain garnishment proceedings. The facts are stated in the opinion, and in *Baldwin v. Circuit Judge, ante,* 119.

*C. E. Warner,* for relator.

*W. I. Robinson* and *J. W. Robbins,* for respondent.

LONG, J.   The Supreme Sitting of the Order of the Iron Hall was organized at the city of Indianapolis, Ind., in July, 1881.   It is a charitable, benevolent, and insurance organization.   It was organized, among other things, for the purpose of establishing a benefit fund for its members, who might receive a certain amount at the end of a certain period, by compliance with its rules and regulations, and also to establish a life fund, which was to be payable at the death of a member.   After its organization, it solicited membership throughout the various states of the Union.   Its business was carried on through the instrumentalities of so-called local, subordinate, or sisterhood branches, which were responsible to the main organization, and which subordinate branches, by the rules of the main organization, were required to consist of not less than 15 members, who should possess the powers and privileges of a local branch, working under the jurisdiction of the Supreme Sitting, by virtue of a charter issued by that body.

---

[1] For cases bearing upon the question of the dissolution of injunctions by *mandamus,* see *Insurance Co. v. Circuit Judge,* 100 Mich. 606, and note.

There were about 1,190 local branches on July 29, 1892, of which number about 40 were established in this State. These branches had at that time accumulated a large amount of money; in the city of Detroit alone, from $300 to $14,000 each. The Supreme Sitting became insolvent, and upon a bill filed July 29, 1892, in the superior court of Marion county, Ind., James F. Failey was, on August 23 of that year, appointed receiver of all the property of the Supreme Sitting, both within and without the state of Indiana. He duly qualified, and entered upon the performance of such duties. December 2, 1893, a final decree was entered in that court adjudging the Supreme Sitting insolvent; that it was unable further to carry on its business; that its assets and property should be reduced to money, and paid and applied upon its debts and outstanding obligations; and in which decree Failey was continued and confirmed as permanent receiver.

On September 27, 1892, a bill was filed in the Wayne circuit court, in chancery, against the Supreme Sitting, praying for a receiver in aid of and ancillary to the administration and receivership of the property of the corporation appointed by the Indiana court, and on October 1, 1892, Stephen Baldwin, the petitioner in this cause, was so appointed and duly qualified.

It appears that Lewis Cohen, a member of the order, and claiming to be the owner of a certain matured certificate of membership issued by the corporation on July 29, 1885, commenced suit in *assumpsit* in the Wayne circuit court upon such certificate on August 23, 1892, and caused a writ of garnishment to be served on August 26, 1892, among others, upon the Dime Savings Bank, the Wayne County Savings Bank, and Frederick J. Kirts, accountant of Local Branch No. 5 of said order. The garnishee defendants appeared and made disclosures, the

Dime Savings Bank of $2,799.65, the Wayne County Savings Bank of $468.98, and Frederick J. Kirts of $1,000, on hand, belonging to the corporation. Other persons claiming to be creditors of the corporation also instituted separate suits in said circuit court for Wayne county against it, and writs of garnishment were also issued in said suits against other banks and individuals. In these suits pleas of the general issue were filed, and the causes now stand for hearing.

A petition was filed by the receiver, Stephen Baldwin, in the proceedings wherein he was appointed receiver, setting up the proceedings in the Indiana court, as well as the proceedings in the Wayne circuit court, in chancery, together with the facts as to the commencement of suits by Cohen and others, and the issuing of the several writs of garnishment and the disclosures thereunder, and also that he, as receiver, is about to commence suits against these garnishee defendants and others to compel them to surrender and pay over to him all the property, moneys, and effects of the corporation, to the end that the proceeds may be distributed in accordance with the decree of the Indiana court, and praying that Mr. Cohen may be perpetually restrained and enjoined from further prosecuting his suit, and that the several writs of garnishment may be vacated and set aside. To this petition Mr. Cohen answered, substantially admitting the facts, but claiming that he has a legal and equitable right to the money so garnished, or sufficient to pay his claim, as his certificate of membership was audited by the treasurer of the corporation, and is long past due, the treasurer having repeatedly promised to pay the same, and that he has a vested right in the moneys so garnished. He also shows that he has complied with all the requirements of the corporation. The questions raised by the petition and answer came on to be heard by and before the respondent,

and an order was entered denying the relief prayed. Petition is now filed here asking *mandamus* to compel the respondent to set aside the order so made, and to enter an order setting aside the writs of garnishment, and to enjoin the prosecution of the suit by Cohen. The answer admits the facts stated in the petition, and the learned circuit judge returns that no cause was shown before him why the relief prayed should be granted.

The petition is for the aid of the writ of *mandamus* to compel the respondent to issue a writ of injunction. The power of this Court to issue a writ of *mandamus* for that purpose is discussed in *Detroit & Birmingham Plank-Road Co. v. Circuit Judge*, 98 Mich. 141, and the writ was there denied. In a late unreported case of *City of Corunna v. Circuit Judge*,[1] the writ to compel the court to grant an injunction was also denied. But we think the plaintiffs in the garnishment cases have the right to be heard in the garnishment proceedings. They claim a preference by the service of such process. The receiver has the undoubted right to be heard in those cases, and protect the fund; but we think the court very properly refused the aid of the injunction to him to prevent the trial of the causes so commenced. See *Baldwin v. Circuit Judge, ante*, 119.

The writ will be denied.

The other Justices concurred.

---

[1] Decided April 3, 1894.