THOMAS H. LOW, RECEIVER, *vs.* THE R. P. K. PRESSED METAL COMPANY ET ALS.

Third Judicial District, New Haven, June Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Although courts of this State are powerless to decree the dissolution of a foreign corporation, they do have jurisdiction over its local business, and therefore may appoint a receiver, either primary or ancillary, for the purpose of liquidating such business.
The wisdom or propriety of appointing a receiver here for such purpose

before one has been appointed at the domicil of the foreign corporation, may be questionable, but that does not affect the jurisdiction of our court to make the appointment: for its powers in the premises must emanate from the sovereignty which created the court and not from the foreign State in which the corporation may happen to be located.

For jurisdictional purposes, no distinction can be drawn between the power to appoint a so-called ancillary receiver and the power to appoint an original receiver.

In an action to have receivership proceedings declared null and void, upon the sole ground that all orders made therein were wholly void for want of jurisdiction over the subject-matter, defects of form in the complaint, and in some of the prayers for relief upon which no action was taken, are of no consequence.

Argued June 7th—decided November 8th, 1916.

Suit to secure the plaintiff's appointment as receiver of the defendant Metal Company, as ancillary to his appointment as temporary receiver by the Supreme Court of New York, also to obtain a cancellation of all orders of the Superior Court in Fairfield County (*Williams, J.*) theretofore passed in receivership proceedings pending before it, upon the alleged ground of a lack of jurisdiction in said court in the premises, and for other equitable relief, brought to the Superior Court in Fairfield County where a demurrer to the complaint was sustained (*Webb, J.*) and judgment rendered for the defendants, from which the plaintiff appealed. *No error.*

The complaint alleges that in April, 1915, an action was brought in the Superior Court for Fairfield County by Arthur L. Ruland and others, stockholders holding more than one tenth of the capital stock of the defendant corporation, against the R. P. K. Pressed Metal Company, a corporation organized under the laws of New York and doing business in Bridgeport, Connecticut, praying, first, for the appointment of a receiver of its property, rights and good-will, with power to dispose of the same, to collect all debts and distribute

from the assets of the corporation to the parties entitled thereto, and to wind up the business of the corporation; and second, that the corporation be dissolved and its business wound up in accordance with the statute in such case made and provided. It is alleged that in said action, on April 28th, 1915, Carl F. Siemon was appointed temporary, and subsequently permanent, receiver of the corporation; that an order for the sale of the property and choses in action of the company was made, and that after the business had been conducted for a time by the receiver under order of court, the assets of the corporation, except its bills receivable, were sold to the defendant the Bridgeport Metal Goods Company of Bridgeport, for the sum of $20,500, which sale was approved and confirmed by the court on or about January 25th, 1916.

Upon this recital of the substance of the former proceedings, the plaintiff alleges that on the 5th day of April, 1916, he was appointed receiver of the R. P. K. Pressed Metal Company at the domicil of the corporation in New York State; that, upon information and belief, the Superior Court for the county of Fairfield was without jurisdiction to appoint Siemon receiver for the purpose of winding up the local business; and that all the orders of the court made in the original receivership proceedings are void and of no effect. Plaintiff claims that he be appointed an ancillary receiver, that the former receiver be required to turn over to him all the assets of the corporation in his hands, and that the Bridgeport Metal Goods Company be directed to turn over the property bought by it to Siemon upon the repayment of the sum of $20,500.

*Edward K. Nicholson*, for the appellant (plaintiff).

*Carl Foster*, for the Receiver of the R. P. K. Pressed Metal Company (defendant).

*William B. Boardman,* for the Bridgeport Metal Goods Manufacturing Company (defendant).

BEACH, J. In the absence of statute, a corporation cannot be dissolved by judicial decree, except in an action commenced in the name of the State which created it. *Hardon* v. *Newton,* 14 Blatchf. (U. S.) 376, Fed. Cas. No. 6054; *Elizabethtown Gas Light Co.* v. *Green,* 46 N. J. Eq. 118, 18 Atl. 844; *Pride* v. *Pride Lumber Co.,* 109 Me. 452, 458, 84 Atl. 989. Hence courts of equity have, in the absence of statutory authority, been unwilling to appoint receivers of corporations in liquidation proceedings at the instance of private suitors, lest they should by indirection accomplish all the practical consequences of a technical dissolution of the corporation. *Pennsylvania Steel Co.* v. *New York City Ry. Co.,* 117 C. C. A. 503, 519, 198 Fed. Rep. 721, 737. As a result of this judicial caution, expressions may be found in some text-books and decisions questioning whether equity has any jurisdiction at all to appoint receivers over corporations for the purpose of administering the corporate assets, in actions commenced by private suitors, unless specially authorized by statute to wind up the business of the corporation and terminate its corporate existence. See *Pennsylvania Steel Co.* v. *New York City Ry. Co., supra,* where the development of the jurisdiction of equity to appoint receivers of corporations is outlined. These authorities do not lay down the broad generalization that equity has no inherent jurisdiction over the subject-matter. On the contrary, courts of equity frequently appoint receivers in liquidation over corporations without statutory authority. As pointed out by Judge Noyes in *Pennsylvania Steel Co.* v. *New York City Ry. Co., supra,* exceptions to the so-called rule have been evolved which are in some aspects as broad as the rule itself. The par-

ticular exception to which he refers in that opinion is in the case of creditors' bills. Another exception is in the case of foreclosures of corporate mortgages. Still another, which arises out of the necessities of the case, is in the appointment of receivers of the property of foreign corporations carrying on business within the forum. In the latter class of cases the local court is necessarily without authority, statutory or otherwise, to dissolve the corporation; and since the statutes of the forum in regard to corporate receiverships generally relate to domestic corporations only, courts of equity, in dealing with receiverships over foreign corporations, have in point of fact exercised their inherent powers as courts of chancery.

The plaintiff relies upon authorities holding that because the courts of one State cannot decree the dissolution of corporations created by another State, they will not entertain an original action in the nature of a stockholders' suit to wind up the business of a foreign corporation. *Republican Mountain Silver Mines* v. *Brown,* 7 C. C. A. 412, 58 Fed. Rep. 644; *Sidway* v. *Missouri Land & Live-Stock Co.,* 101 Fed. Rep. 481; *Maguire* v. *Mortgage Co. of America,* 122 C. C. A. 83, 203 Fed. Rep. 858. Here again may be found expressions tending to support the plaintiff's claim that the courts of one State are absolutely without original jurisdiction to wind up the local business of a foreign corporation at the instance of stockholders; but the common practice of appointing so-called ancillary receivers in such cases demonstrates that courts do have jurisdiction over the subject-matter of winding up the local business of foreign corporations in receivership proceedings, whether in a stockholders' suit or upon a creditors' bill. It would be an intolerable proposition to assert that any local business was beyond the original equity jurisdiction of our courts merely because it was

conducted by a foreign corporation. The principle that courts will not interfere in what are vaguely called the internal affairs of a foreign corporation, must yield to the larger and more important principle that all who choose to engage in business within the State, whether under a corporate franchise or not, necessarily subject such business to the jurisdiction of the courts as fully as if it were conducted by our own citizens or corporations.

It is, however, unnecessary to argue the point further, for the plaintiff himself, by applying to be appointed as ancillary receiver, admits that the Superior Court for Fairfield County has power to appoint an ancillary receiver, of the local business of this New York corporation for the purpose of winding up the local business; and his contention that it has power to appoint an ancillary receiver but not an original receiver for that purpose, or in other words, that it had no jurisdiction to appoint any receiver at all for that purpose until the courts of New York had first appointed a general receiver in winding up proceedings at the domicil of the corporation, is manifestly inconsistent with the independent sovereignty of the State of Connecticut. It may be the better practice, as it is the usual practice, for the domiciliary receiver to be first appointed; but it is self-evident that the jurisdiction of a Connecticut court to wind up a Connecticut business in receivership proceedings must be derived wholly and exclusively from the State of Connecticut. The plaintiff seems to argue that it is derived in this case solely from the constitutional obligation to give full faith and credit to the judicial proceedings of the State of New York; but without conceding that the constitutional obligation would control the discretion of our courts and compel them to appoint ancillary receivers, it is apparent that neither the Federal Government nor the State of New

York can supply, in the smallest degree, the vital force which enables our Superior Court, as a court of general jurisdiction, to respond to and execute its constitutional duty toward the judicial proceedings of other States. That force emanates from the sovereignty which constituted the court; and so far as the Federal Constitution requires our courts to take action in giving full faith and credit to the judicial proceedings of other States, it simply requires the State of Connecticut to exercise its own inherent powers in that behalf. In short, it is too plain for further discussion that all the powers of any court must be derived from the State which created it. Therefore, the admitted jurisdiction of our Superior Court to wind up the local business of foreign corporations in ancillary receivership proceedings is an exercise of powers derived exclusively from the State of Connecticut, and in the absence of statute it is an exercise of the inherent powers of the Superior Court as a court of general chancery jurisdiction.

For jurisdictional purposes there is, of course, no distinction to be drawn between the power to appoint a so-called ancillary receiver and the power to appoint an original receiver. The relation between the courts of the domicil and the local courts, in respect to the appointment of ancillary receivers over foreign corporations, is very clearly and accurately stated by Judge Wallace, speaking for the Circuit Court of Appeals for this circuit, in *Sands* v. *Greeley*, 31 C. C. A. 424, 426, 88 Fed. Rep. 130, 132, and we adopt his language: "When the administration extends over assets located in several jurisdictions, it is often convenient to apply, in advance, for the assistance of the different courts; hence the practice has become common of applying for auxiliary or ancillary appointments. When such an application is made, the court to which it is addressed exercises its own original jurisdiction. The decree in

the court of the domicile of the corporation is evidence in every other state that the corporation is insolvent, and that a proper case exists in that state for the appointment of a receiver, and it is to be respected accordingly, in obedience to the constitutional provision whereby full faith and credit is to be given in each state to the records and judicial proceedings of every other state of the Union. But it is for the court to which the application is made to decide what remedy it should extend in the particular case, and whether the proper administration of the assets requires the appointment of a receiver. Ordinarily, in comity to the proceeding of another court of co-ordinate jurisdiction, it will appoint an ancillary receiver, and assume administration in aid of the primary receiver. *National Trust Co.* v. *Miller*, 33 N. J. Eq. 155. When it appoints a receiver, the officer becomes its officer, and is completely amenable to its control; and it matters not whether he is called an ancillary receiver or merely a receiver. His title to the assets within the jurisdiction is derived from its decree, and does not depend upon comity. The assets are in its custody, and are to be disposed of as equity and the orderly administration of justice require. Its judgments and decrees in respect to these assets must be accepted as conclusive by all other courts. 'Where a receiver, administrator, or other custodian of an estate is appointed by the courts of one state, the courts of that state reserve to themselves full and exclusive jurisdiction over the assets of the estate, within the limits of the state.' *Reynolds* v. *Stockton*, 140 U. S. 254, 11 Sup. Ct. 773. It rests in the discretion of the court appointing the receiver whether the assets within its jurisdiction shall be distributed under its own direction or shall be transmitted to the primary receiver. *United States* v. *Coxe*, 18 How. (U. S.) 105. It is eminently proper that claimants residing within its jurisdiction should be re-

lieved from the expense and inconvenience of proving their claims in other jurisdictions, and that provision should be made for securing to them equality of distribution in respect to the whole assets of the corporation; but there is no hard and fast rule to control the discretion of the court in making such distribution of the assets as shall be just to all creditors, and ultimately effect a ratable distribution of all the property of the corporation. *Buswell* v. *Supreme Sitting*, 161 Mass. 224, 36 N. E. 1065; *Baldwin* v. *Hosmer*, 101 Mich. 432, 59 N. W. 432."

Applying these principles to this case, it is proper to observe that this is not an appeal from the order appointing the original receiver, but an appeal taken in an action which proceeds on the theory that all the orders made in the original receivership proceedings are wholly void for want of jurisdiction over the subject-matter. It is of no consequence, therefore, whether the complaint in the former action was objectionable in point of form, whether the second prayer for relief, which asks the court to dissolve a New York corporation in accordance with the Connecticut statute, was demurrable, or whether the Superior Court exercised a wise discretion in appointing a receiver of a New York corporation in that form of action, before a receiver was appointed at the domicil of the corporation. The only question here is one of jurisdiction to make the orders actually made. The Superior Court has appointed a receiver, wound up the local business of the corporation, sold all the local assets except bills receivable, and now holds the proceeds of the sale, which are insufficient to satisfy the claims of creditors. All this is in accordance with the first prayer for relief, which must, of course, be understood as referring to the local assets and the local business only, and as already pointed out, the admitted jurisdiction of the Superior Court to

appoint an ancillary receiver for these purposes compels the conclusion that it has jurisdiction, in a proper case, to appoint an original receiver for the same purposes.

There is no error.

In this opinion the other judges concurred, except WHEELER, J., who dissented.