WILMORE H. WHITE ET AL. *vs.* WILLIS GREENE ET ALS.

Third Judicial District, Bridgeport, April Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A decree of injunction, to remain in force until a specified time only, is nevertheless a final judgment which may be reviewed in this court by appeal.

While a subordinate lodge of a fraternal benefit order and its officers must first exhaust their remedies within the order before appealing to the courts from an action of an official of the order within his jurisdiction, they may, however, be entitled to an injunction preserving the *status quo* pending their appeal to the Supreme Lodge.

The definition of jurisdiction, as dependent upon the power to enforce the judgment given, is one applied only in private international law in determining the enforcibility of extraterritorial decrees, and, intraterritorially considered, the want of jurisdiction, and the want of power to enforce, are two different things. A judgment against a nonresident is not futile, for it may be enforced in this State, or it may be sought to be enforced elsewhere on grounds of comity or otherwise, and in any event it is not beyond the jurisdiction of the court if power to enforce it alone is lacking.

The principle that courts will not attempt to regulate the internal affairs of a foreign corporation must yield to the larger and more important principle that all who choose to engage in business in this State necessarily subject such business to the jurisdiction of our courts; and hence an injunction granted by the Superior Court is a proper exercise of jurisdiction so far as it is reasonably neces-

White *v.* Greene.

sary to protect the property of the plaintiffs in this State, although it incidentally controls the conduct of some of the officers of a foreign corporation.

In the present case the subordinate lodge, which owned property, and had an interest in the endowment fund administered by the Supreme Lodge, had been suspended by the Supreme Chancellor of the order, who had jurisdiction to make rulings and decisions between the biennial meetings of the Supreme Lodge. Pending the appeal of the subordinate lodge to the Supreme Lodge, the chancellor recognized the defendants as constituting the local lodge, although the by-laws of the order provided that upon reinstatement the members of the suspended lodge might have the same relation to it that they held at the date of its suspension. *Held:—*

1. That the subordinate lodge and its officers were entitled to an injunction preserving the *status quo* until the determination of the appeal and enjoining the organization of a new lodge and the transfer to it of the property of the old lodge, but as the chancellor's judgment of suspension was, under the by-laws, to remain effective until affirmed or reversed by the Supreme Lodge, the defendants should not be restrained from refusing to recognize the plaintiff lodge as a lodge in good standing.

2. That the injunction might run not only against the resident defendants who were attempting to organize the substitute lodge, but against the Supreme Chancellor and other nonresident officials of the order who were served with process by mail and voluntarily appeared, and, without filing any plea to the jurisdiction, answered and defended.

Argued April 12th—decided June 1st, 1921.

SUIT for a temporary injunction to restrain the defendants from organizing or attempting to organize a subordinate lodge of the Knights of Pythias, from interfering with the funds, records and property of the plaintiff lodge, and for other relief, brought to and tried by the Superior Court in New Haven County, *Warner, J.;* facts found and judgment rendered for the plaintiffs, and appeal by the defendants. *Error in part and cause remanded.*

The plaintiffs are officers of Rose of the Valley Lodge, No. 1, a subordinate lodge of a fraternal benefit order known as the Knights of Phythias, and the lodge itself as a voluntary association.

The defendants are the Supreme Chancellor of the order, S. W. Greene, of New Orleans, Louisiana; its secretary, Edward E. Underwood, of Frankfort, Kentucky; the secretary of its endowment department, W. S. Willis of Waco, Texas; and certain resident members of the plaintiff lodge.

The nonresident defendants were not served with process otherwise than by mail, but they voluntarily appeared, and, without filing any plea to the jurisdiction, answered and defended.

Omitting facts unnecessary to the determination of this appeal, it appears of record that the plaintiff lodge has been operating as a subordinate lodge of the order of the Knights of Pythias under a charter issued directly by the Supreme Lodge, and on October 23d, 1919, was possessed of certain property, including a fund of over $1,200 out of which it was accustomed to pay sick and death benefits. It also paid dues to an endowment fund which is administered by the Supreme Lodge, and from which death benefits were payable to its members. The Supreme Lodge is the governing body and the court of last resort of the order. It is a migratory body, meeting biennially, made up of representatives of subordinate lodges of the order, and its next session is to be held in Indianapolis in August, 1921. When the Supreme Lodge is not in session, its executive powers are vested in the Supreme Chancellor, the defendant S. W. Greene.

Prior to October 23d, 1919, a factional controversy developed in the plaintiff lodge, which culminated in the suspension of the defendant Anderson from membership. After an investigation into the merits of the controversy by an officer of the order deputed for that purpose by the Supreme Chancellor, the latter ordered that Anderson be reinstated. The plaintiff lodge protested against this order, and refused to obey it, whereupon

the Supreme Chancellor, on October 23d, 1919, issued an order suspending Rose of the Valley Lodge, No. 1, from the supreme jurisdiction. From this order of suspension the plaintiff lodge appealed to the next session of the Supreme Lodge to be held at Indianapolis in August, 1921; and the trial court has made the following finding: "Following this action certain members of the plaintiff lodge, including all of the resident defendants, met November 8, 1919, for the purpose of organizing a new lodge with the same name as the plaintiff lodge, and covering the same territory, and filed a petition with the defendant S. W. Greene for a charter, which petition ostensibly had some thirty-three or thirty-four signers (thirty being the requisite number), though it transpired that some eleven of the names were not written by the persons themselves. And these persons were by said S. W. Greene recognized as Rose of the Valley Lodge, No. 1, at the time of the trial of this action. And said defendants took into their possession the books, records and seal of the plaintiff lodge and threaten to deprive said lodge of the same and to use the same as their own. And said defendants threaten to assume the name of the plaintiff lodge and to be the only lodge of said Order in said jurisdiction, and claim the funds, paraphernalia and other property of said plaintiff lodge and seek sole recognition from said S. W. Greene as a lodge of said Order, and thereby and in other ways threaten to deprive the plaintiffs of all their rights in said Order and in the funds and property of the plaintiff lodge and to deprive said plaintiff lodge of its funds and property and of its right to the use of its name and of its membership in said Order." This finding has not been questioned, except as to the use of the phrase "for the purpose of organizing a new lodge"; it being the defendants' claim that the purpose was to "reinstate" the plaintiff lodge.

White *v.* Greene.

*George W. Crawford,* for the appellants (defendants).

*Harry G. Tolliver,* with whom was *Philip Pond,* for the appellees (plaintiffs).

BEACH, J.  The complaint alleges that the order of the Supreme Chancellor suspending the plaintiff lodge from the supreme jurisdiction was without right, and unlawful, but it does not expressly deny that the Supreme Chancellor had jurisdiction to issue such an order, and the finding and memorandum of decision of the trial court assumes that the issuance of the order was an act within the jurisdiction of the Supreme Chancellor.  In accordance with this assumption, the injunction was not made permanent, but was expressed to remain in force until the next session of the court after the determination of the plaintiffs' appeal to the Supreme Lodge, and the action was continued until that time for final determination.  Although the injunction was not permanent in point of time, the judgment is a final judgment, so far as it goes.  It confirms the main contention of the plaintiffs, that they were entitled to have the *status quo* preserved by injunction until their appeal to the Supreme Lodge could be heard and determined, and to that extent the judgment may be reviewed in this court by appeal.

As already indicated, the issues properly before us are limited.  We are not concerned with the merits of the individual and factional controversies which led up to the issuance of the order of suspension, nor with the question whether the Supreme Chancellor was justified in issuing it.  Those are questions which the plaintiffs have submitted to the Supreme Lodge for its decision, and the appeal to this court brings up only the questions of jurisdiction and of judicial discretion involved in the issuance of the *ad interim* injunction to preserve

the *status quo* pending the determination of the plaintiffs' appeal to the Supreme Lodge. For these reasons it is unnecessary to consider the many assignments of error for finding and refusing to find facts which occurred before October 23d, 1919, and we pass directly to the question of jurisdiction.

It is, of course, conceded by the plaintiffs that they must first exhaust their remedies in the order before appealing to the courts. *Mead* v. *Stirling*, 62 Conn. 586, 27 Atl. 591; *Gardner* v. *East Rock Lodge*, 96 Conn. 198, 113 Atl. 308. This they claim to have done by taking their appeal from the order of suspension to the next session of the Supreme Lodge. It must also be conceded that while their appeal is pending the plaintiffs must submit to the laws of the order, and § 19 of Article IX of the Supreme Statutes provides that "all rulings and decisions by the Supreme Chancellor during the recess of the Supreme Lodge shall be binding until affirmed or reversed by the Supreme Lodge."

The jurisdiction of the Superior Court to preserve the *status quo* pending the appeal turns upon the application of this section to the facts appearing of record. In this connection it is noted that the order of the Supreme Chancellor is not an order dissolving or revoking the charter of the plaintiff lodge, nor is it an order suspending any individuals from membership in the plaintiff lodge; but it is an order that the plaintiff lodge "is this day suspended from the Supreme Jurisdiction, for its refusal to carry out the official mandates issued from this office September 30, 1919."

We find nothing in the by-laws inconsistent with the plain intimation of § 19 that the order of suspension is to remain in force unless and until reversed by the Supreme Lodge. It is, however, in its nature, a temporary measure of discipline, and the necessary consequence is that the Supreme Chancellor cannot in the

meantime take any action which will prevent the Supreme Lodge from reversing his ruling, and from reinstating the plaintiff lodge in good standing with all its former rights and privileges. His conduct in recognizing the so-called loyal members of the plaintiff lodge as Rose of the Valley Lodge, No. 1, is an attempt to substitute a new voluntary association in the place of the old, and is in conflict with § 205 of Chapter XXXIII of the by-laws, providing that upon reinstatement of a suspended lodge the members thereof shall have the same relation to the reinstated lodge as they held at the date of its suspension. In view of these by-laws, and because of the property rights involved, the Superior Court had jurisdiction to prevent such a substitution pending the plaintiffs' appeal to the Supreme Lodge.

On behalf of the nonresident defendants, the claim is made that the court was utterly without jurisdiction to make any decree at all. This claim is based on a definition of jurisdiction, as dependent upon the power to enforce, which is found in Dicey's Conflict of Laws. The same claim was made and disposed of in *Morrill* v. *Morrill*, 83 Conn. 479, 77 Atl. 1, which was an application for a modification of an order concerning the custody of children of divorced parents. The divorced wife had in the meantime married a German citizen, and was living in Germany with the children, and she pleaded to the jurisdiction on the ground that the court had no power to enforce any order it might make. In overruling this contention we pointed out that Dicey's definition related to private international law, and said: "The want of jurisdiction, and the want of power to enforce, are two different things, intraterritorially considered." p. 488. Besides, as we said in the *Morrill* case, it does not follow that the decree will be futile, for it may be enforced in this State, or it may be sought to be enforced elsewhere on grounds of comity or other-

wise. At all events, it is certain that these nonresident defendants, having voluntarily appeared, cannot, simply by retreating to their foreign domicils, acquire a right to affirm or deny the jurisdiction at will.

All of the defendants invoke the principle that courts will not attempt to regulate the internal affairs of a foreign corporation; that is, the internal affairs of the Knights of Pythias of North America, etc., a corporation organized under the laws of the District of Columbia, and described in the order of suspension as "the Supreme Jurisdiction." In *Low* v. *Pressed Metal Co.*, 91 Conn. 91, 96, 99 Atl. 1, we said that this principle must yield to the larger and more important principle that all who choose to engage in business in this State necessarily subject such business to the jurisdiction of our courts; and it follows that, so far as this injunction is reasonably necessary to protect the property and property rights of the plaintiffs in this State, it is a proper exercise of jurisdiction, although it incidentally controls, to that extent, the conduct of some of the officers of a foreign corporation.

The reasons of appeal, except those addressed to the correction of the finding, apply to the injunction as a whole, and do not attack it in detail. We think, however, that the injunction ought to be amended in so far as it restrains the defendants "from refusing to recognize said plaintiff lodge in all respects as a subordinate lodge of said Order in good standing, and from in any manner whatsoever interfering with the work of said subordinate lodge as a subordinate lodge of said Order and its recognition as such, and from causing the Deputy Supreme Chancellor of said Order, having jurisdiction over the plaintiff lodge, and any other officer of said Order, to refuse to recognize said plaintiff lodge as a subordinate lodge of the Order in good standing and to refuse to treat it in all respects as such."

This part of the injunction appears to us to be in conflict with § 19, above referred to, which seems to require that the Supreme Chancellor's order of suspension should remain effective until affirmed or reversed by the Supreme Lodge. Except as to the words above referred to, the injunction should stand.

There is error in part and the cause is remanded with direction to modify the injunction in accordance with this opinion.

No costs will be taxed in this court.

In this opinion the other judges concurred.