Abraham N. Levy and Another, Suing on Behalf of Themselves and of All Other Stockholders of Pacific Eastern Corporation, Similarly Situated, Plaintiffs, *v.* Pacific Eastern Corporation and Others, Defendants.

Supreme Court, New York County, November 15, 1934.

*Malcolm Sumner*, for the plaintiffs.

*Sullivan & Cromwell* [*Walter H. Pollak, Robert M. Benjamin* and *Samuel J. Silverman* of counsel], for the defendant Walter E. Sachs.

*Simpson, Thacher & Bartlett* [*Whitney North Seymour* of counsel], for the defendant Edwin L. Weist.

*Guggenheimer & Untermyer* [*Charles S. Guggenheimer* of counsel], for the defendants Pacific Eastern Corporation and others.

Hofstadter, J. This is a motion to dismiss the complaint, in a derivative stockholders' action, pursuant to rule 106 of the Rules of Civil Practice, on the grounds that the court has no jurisdiction

of the subject of the action; that the complaint does not state facts sufficient to constitute a cause of action, and that the plaintiffs have no legal capacity to sue.

According to the complaint the plaintiffs, residents of New York, are stockholders of the Pacific Eastern Corporation, a Delaware corporation, formerly known as Goldman Sachs Trading Corporation; that corporation is authorized to do business in this State; the greater part of its transactions are conducted here; and it has its principal office in this city. And the individual defendants, residents of New York, are the present directors and officers of the Pacific Eastern Corporation.

It is further alleged that in 1931 several actions were brought by stockholders of the Pacific Eastern Corporation against the partners of Goldman Sachs & Company, each of whom, at one time or another, had been a director or officer of the Pacific Eastern Corporation, seeking to recover on behalf of the corporation losses alleged to have been occasioned by their negligence, misconduct and infidelity in the management of the corporate enterprise; that an offer in settlement of these actions made by Goldman Sachs & Company has been accepted by the present board of directors of the Pacific Eastern Corporation subject to ratification by the stockholders, and that a meeting to procure such approval has been called. In addition to a charge of improvidence, the complaint asserts in effect that the considerations prompting the acceptance of the settlement were not disclosed, and that such acceptance was in pursuance of a fraudulent scheme participated in by the managers of the corporation who were influenced in their action solely by personal considerations in disregard of the best interests of the corporation and its stockholders. The present action was instituted to restrain the consummation of the proposed settlement.

Defendants' contention that the action deals with the internal affairs of a foreign corporation, and that this court is, therefore, without jurisdiction, is without merit.

The premise may be questioned. It can be said with some force that as a matter of substance the subject-matter of this action is the litigation pending in our courts. The causes of action arising here and prosecuted in the courts of the State of New York are intrinsically of concern domestic to our jurisdiction, and the performance or non-performance of formal corporate acts may be disregarded as merest incident.

However this may be, the conclusion suggested is without support in authority.

Defendants confuse the doctrine of *forum non conveniens* with lack of jurisdiction. While it is a generally accepted rule of law

that the courts of one State *will not take* jurisdiction of controversies affecting the internal affairs of a corporation organized under the laws of another State (*Rogers* v. *Guaranty Trust Co.*, 288 U. S. 123, 130), close scrutiny of the controlling authorities makes it clear that such refusal is based on considerations of convenience and expediency rather than of power. (See cases cited 89 A. L. R. 735 *et seq.*)

The most recent cases in this State recognize and affirm the limitation on the general rule. In *Cohn* v. *Mishkoff-Costello Co.* (256 N. Y. 102) it is stated that the courts of this State will not take jurisdiction in *ordinary* cases to regulate the affairs of a foreign corporation. In *Powell* v. *United Association of Plumbers* (240 N. Y. 616) the court expressed its *reluctance* to interfere by injunction in such controversies, but concluded that its reluctance may be overcome by the presence of some urgent need. (See, also, to the same effect, *Sauerbrunn* v. *Hartford Life Ins. Co.*, 220 N. Y. 363; *Travis* v. *Knox Terpezone Co.*, 215 id. 259, 264.) And in *Rogers* v. *Guaranty Trust Co.* (*supra*) it was said that " while the district court *had jurisdiction* to adjudge the rights of the parties, it does not follow that it was bound to exert that power." (Italics mine.)

The ultimate question then is not strictly one of the existence of jurisdiction, but rather of discretion in its exercise. (See *White* v. *Greene*, 96 Conn. 265; 114 A. 112; *Babcock* v. *Farwell*, 245 Ill. 14; 91 N. E. 683; *Mayer* v. *Oxidation Products Co., Inc.*, 110 N. J. Eq. 141; 159 A. 377; *American Creosote Works* v. *Powell*, 298 Fed. 417; certificate denied, 265 U. S. 595.)

The competence of the jurisdiction is, therefore, clear, even if it be assumed that an adjudication may involve the internal affairs of a foreign corporation. All the defendants are amenable to the jurisdiction of this court and its decrees can be effectually enforced. Considerations of convenience and expediency do not dictate a refusal to entertain jurisdiction.

It may be that the plaintiff will be unable to establish his cause of action — that he may not be able to prove on a trial what he now alleges. But for the purposes of this motion I am constrained to assume the allegations to be true; and I am clear that the situation presented by the complaint speaks for equitable intervention. Briefly sketched, we have the following: Stockholders, betrayed and their corporation despoiled by the infidelity and misconduct of its officers and directors, seek reparation through a derivative action in the courts of this State; a settlement which would nullify such action is planned by the present directors of the corporation, the conduct of such settlement being cloaked in secrecy and moti-

vated by selfish purpose; and the stockholders invoke the protection of the courts in which the action is pending to avert such a result.

The foreignness of the corporation is set up as a bar to relief.

But the court may not blind itself to the realities of the situation. It is a matter of common knowledge that a great number of corporations, essentially local in the scope of their activities, for obvious reasons conduct business under charters granted by foreign jurisdictions. " The vague principle that courts will not interfere with the internal affairs of a corporation whose foreignness is at best a metaphysical concept must fall before the practical necessities of the modern business world." (44 Harvard Law Review, 437, 439.)

There are no clear and compelling reasons requiring the court to abdicate its jurisdiction. On the contrary, the law may not be so diffident; courage should rule its ministry. In these days of unrest and disaffection, it is especially important that the law vindicate its ability to do justice and to maintain the social equilibrium. And it must be found sufficiently potent not only to clear its ancient channels but to immerge into every perplexity engendered by our complex life. In the situation presented here, the principle of non-interference with the affairs of a foreign corporation would be a sterile formula, and justice forbids that it be employed to deny to the citizens of this State the protection of their courts.

The complaint is legally sufficient. The directors of the corporation are fiduciary agents, not only with respect to their relationship to the corporation itself, but to shareholders as well. (*Kavanaugh* v. *Kavanaugh Knitting Co.*, 226 N. Y. 185; *Manson* v. *Curtis*, 223 id. 313; *Danzig* v. *Lacks*, 235 App. Div. 189, 195; *Walker* v. *Man*, 142 Misc. 288, 290; cf., 45 Harvard Law Review, 1145, 1365.) Whether or not the precise relationship technically falls within any of the defined fiduciary categories, it is clear that the law has imposed duties on directors of a corporation analogous to those of a trustee towards his *cestui que trust*. (See 10 Cornell Law Quarterly, 509–512.) Accordingly, a director may not secure private advantage at the expense of the corporation and a duty is owed to the corporation and shareholders to make a full and frank disclosure of all circumstances when seeking ratification of a course of conduct. (See *Irving Trust Co.* v. *Deutsch*, [Cir. Ct. App. 2d Circ. decided Sept. 17, 1934] 73 F. [2d] 121.)

· The gravamen of the present action is that the defendant directors are violating their trust obligations to the corporation and to stockholders, in pursuance of a fraudulent purpose to enrich themselves and certain controlling interests in the corporation. It appears from the complaint that some of the directors of the corporation are

also members of the partnership submitting the offer in compromise. Under these circumstances, the court will scrutinize the transaction most carefully and a ratification of the acceptance of the offer by a majority of the stockholders would be effectual only if the good faith of the directors and majority of the stockholders were successfully established. (See *Continental Insurance Co.* v. *N. Y. & H. R. R. Co.*, 187 N. Y. 225, 238.) The complaint attacks the motives of the individual defendants.

In the light of the fiduciary relation and taking cognizance of its implications, a complaint which alleges that pursuant to a fraudulent conspiracy, persons charged with a trust are manipulating the corporate affairs for their own benefit and to the detriment of the corporation, states a cause of action. " When it can fairly be gathered from all the allegations of the complaint that the officers and directors of a corporation have made use of relations of trust and confidence in order to secure or promote some selfish interest, enough is then averred to set a court of equity in motion and to require an answer from the defendants in regard to the facts." (*Sage* v. *Culver*, 147 N. Y. 241, 247.) As a court of equity will afford appropriate relief after the event, it will also act to prevent any threatened injury by the exercise of its plenary and exclusive jurisdiction over the trust relation.

Finally, the plaintiffs have legal capacity to sue on behalf of the corporation. A demand upon the directors of a corporation to bring suit is unnecessary where the gist of the action is the wrongful acts of these same directors. The complaint herein avers sufficient facts showing the futility of making a demand on the governing body of the corporation. (*Jones* v. *Van Heusen Co.*, 230 App. Div. 694; *Godley* v. *Crandall & Godley Co.*, 181 id. 75; affd., 227 N. Y. 656; *Continental Securities Co.* v. *Belmont*, 206 id. 7, 19.)

Likewise a demand upon the stockholders is not a condition precedent to the commencement of suit where the controlling interest in the stock of the corporation is in those charged with the wrongdoing. (*Doctor* v. *Harrington*, 196 U. S. 579; *Delaware & Hudson Co.* v. *Albany & Susquehanna R. R. Co.*, 213 id. 435.) In any event any such demand would be of no legal effect as the subject-matter of this action does not relate to any act which can be confirmed and ratified by a majority of the stockholders. (*Continental Securities Co.* v. *Belmont, supra*, 18, 19.)

The motion is denied. Answer of the respective defendants to be served within twenty days after service of copy of order with notice of entry thereof.