GEORGE LANDY ET AL. v. SAMUEL COHEN

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 69301

Motion filed July 24, 1946.

*Pelgrift Blumenfeld & Nair,* of Hartford, and *Harry Tulin,* of Hartford, for the Plaintiff.

*Saul Seidman,* of Hartford, and *Day, Berry & Howard,* of Hartford, for the Defendant.

COMLEY, J.  On January 11, 1943, the plaintiffs recovered a judgment against the defendant in the Superior Court for Suffolk County in the Commonwealth of Massachusetts.  The present action is brought on that judgment.

Prior to 1939, the defendant was a resident of Massachusetts. He lived at 20 Brookledge Street in Roxbury with his father. This house adjoins 12 Brookledge Street and both properties were inherited by the defendant and his father, Harry Cohen, as heirs-at-law of his mother, Ida Cohen, who died in 1934. Harry Cohen was administrator of the estate which included the two houses on Brookledge Street and other real estate in the vicinity of Boston. The estate of Ida Cohen appears to have become involved in many complications and its administration has never been completed.  Counsel for the estate has been the Boston law firm of Kabatznick, Stern and Gerner, in which attorney Albert M. Stern is a partner.  In various estate matters this firm and, particularly, attorney Stern have had numer-

ous contacts with Harry Cohen, the administrator, and with the defendant. The defendant has from time to time advanced money to the estate.

While the defendant lived in Massachusetts he was employed by his father, who operated a market. In 1939, the defendant came to Hartford and went into business for himself under the name of the Pioneer Market. He has since devoted himself actively and exclusively to the management of this business. Being unmarried, he has lived in hotels, and for several years has been a resident at the Bond Hotel. Since 1939 he has been domiciled in Connecticut and has returned to Massachusetts only for the purpose of visiting his father. These visits have been made about once a month.

On June 1, 1940, the plaintiff Josephine Landy, who was then a minor, was injured on the premises at 12 Brookledge Street in Roxbury. On June 26, 1940, her attorney Manuel K. Berman, sent two letters to 20 Brookledge Street, one addressed to Harry Cohen and the other to the defendant, notifying them of the injury. It does not appear that Samuel Cohen ever saw the letter addressed to him, but he did learn of the accident through conversation with Harry Cohen about a month after it happened. On August 28, 1940, the action in Massachusetts was commenced, and the sheriff's return recites that he "summoned said defendants each to appear and answer at Court as within directed by leaving at the last and usual place of abode of the defendants to wit: No. 20 Brookledge St. Roxbury district in said Boston a summons of this writ for each." Harry Cohen received both summons at his home and shortly thereafter took them and the two letters from attorney Berman to the offices of attorney Harry Stern. Stern then caused the general appearance of his law firm to be entered for both Harry Cohen and Samuel Cohen.

On June 20, 1942, Stern sent duplicate letters to Samuel Cohen and Harry Cohen, the letter to the former being sent to his Hartford address. It bears the heading, "Re *Landy* v. *Cohen*," and reads as follows:

"This case is on the pre-trial list at Suffolk County for Thursday, June 25, 1942, at 2 P. M. and the case will be tried in the Superior Court in Boston very shortly.

"It is essential that you communicate with me so that I may go over the facts with you. I talked to the attorney for Landy

and he claims the injuries the girl sustained were very substantial and that the medical expenses were over $300.

"It is essential that I hear from you before next Thursday."

On June 22, 1942, Samuel Cohen replied to this letter as follows:

"In answer to your letter, would state that it would be impossible for me to be in Boston this week.

"Please try to postpone the case for a couple of weeks, as I intend to be in Boston next Monday all day to straighten out matters pertaining to the estate, and will also go over this matter with you."

Samuel Cohen had a conference with Stern in Boston not long after this exchange of letters at which Stern advised him that the case could probably be settled for a few hundred dollars. Samuel Cohen replied that he was not interested in paying out any more money in connection with his mother's estate. In November, 1942, the case went to trial in Boston and resulted in a judgment against both Cohens for $3,950.16.

The question is whether this judgment is now enforceable against Samuel Cohen in Connecticut. The plaintiffs concede that the Superior Court in Massachusetts acquired jurisdiction over Samuel Cohen only through the general appearance of attorney Stern on his behalf. Samuel Cohen claims that Stern was never authorized to appear on his behalf, that he never knew that the suit was against him personally and that he believed that the suit was only against his father as administrator of his mother's estate.

There is no doubt that a general appearance subjects a defendant to the jurisdiction of the court and constitutes a waiver of any omission or defect in service of the process. *Foley* v. *Douglas & Bro., Inc.,* 121 Conn. 377, 380; *White* v. *Greene,* 96 Conn. 265; Mass. Gen. Laws, Chap. 231, § 136.

When an attorney enters an appearance, there arises a presumption of his authority to do so. *Osborn* v. *United States Bank,* 9 Wheat. (22 U. S.) 738, 745. It is a rebuttable presumption, but the burden of proof rests upon him who claims that there was a want of authority. *Feldman Investment Co.* v. *Connecticut General Life Ins. Co.,* 78 F. 2d 838; 7 C. J. 887. This presumption is of the kind defined in *O'Dea* v. *Amo-*

*deo,* 118 Conn. 58, 65, where "the circumstances involved in the issue are peculiarly within the knowledge of the defendant, and as to which we have said that unless the defendant proves the actual circumstances of the case, the presumption is not rebutted."

In order to disprove the authority thus presumed, the defendant Samuel Cohen offers his own denial of it and he also relies upon the deposition of attorney Stern, who now says that he has no recollection that he ever expressly mentioned to Samuel Cohen the fact that the Massachusetts action was against him personally.

Despite this testimony I am convinced that attorney Stern did have authority to represent Samuel Cohen in the first instance, or, at least, that Samuel Cohen ratified such representation before the Massachusetts judgment was rendered. In addition to the presumption above referred to, there is the fact that Stern and Samuel Cohen had been rather closely associated over a period of years in connection with the estate of Ida Cohen; the fact that Samuel Cohen was in frequent and regular contact with his father during the period when the litigation was pending; the exchange of letters in June, 1942, from which there can be drawn a strong inference that Samuel Cohen understood the true situation; the conference closely following these letters, between an experienced lawyer and an experienced business man, in which the litigation and the possibility of settling it were thoroughly discussed; and, finally, the fact that the version of the affair which Stern and Samuel Cohen now see fit to put forward is so contrary to the natural probabilities of human conduct as to be unworthy of belief.

Judgment is rendered for the plaintiffs to recover the sum of $3950.16 with interest from January 11, 1943.