E. N. CURTIS TRANSPORTATION INC. v. LOUISE E. OLMSTEAD, ADMINISTRATRIX (ESTATE OF GEORGE E. OLMSTEAD) ET AL.

SUPERIOR COURT        WINDHAM COUNTY        FILE No. 8789

Memorandum filed October 23, 1946.

*Shipman and Goodwin,* of Hartford, for the Plaintiffs.

*Davis, Lee, Howard & Wright,* of Hartford, specially for Morse Chain Co.

*Schatz & Weinstein,* of Hartford, for the Defendants.

ALCORN, J. The plaintiff brought this action to recover damages for personal injuries alleged to have resulted from the negligent operation of an automobile. Two defendants are named, one the administratrix of the deceased driver, and the other a nonresident New York corporation. The deceased driver was a resident of Connecticut and at the time complained of was driving a vehicle registered in his name in Connecticut. Personal service was made on the administratrix; and the nonresident corporation was served through the Connecticut commissioner of motor vehicles, pursuant to § 5473 of the General Statutes, and, according to the officer's return, by leaving a copy of the process with the defendant administratrix "as representative" of the corporation.

The issue sought to be raised is whether, on these facts, the nonresident defendant may be served under the statute referred to because at the time of the alleged injury the driver was an employee engaged in the business of the nonresident defendant. In presenting this question, however, the plaintiff's brief fails to mention, and the defendants' brief takes but passing note of, the factor which the court considers conclusive, and which cannot be ignored on a question of jurisdiction, namely, a general appearance by the defendant corporation. The record discloses a special appearance for the defendant corporation by one firm of attorneys for the purpose of pleading to the jurisdiction, and another general appearance for both defendants, by other attorneys.

By a voluntary general appearance a defendant submits himself to the jurisdiction of the court. *Fine v. Wencke,* 117 Conn. 683, 684; *White v. Greene,* 96 Conn. 265, 272; *Coyne v. Plume,* 90 Conn. 293; 1 Beale, Conflict of Laws, § 82.1. The question which the parties are attempting to raise could be advanced only after a special appearance entered for the purpose of raising that objection. *Paiwich v. Krieswalis,* 97 Conn. 123, 127; *Williams Co. v. Mairs,* 72 Conn. 430, 435; *Bishop v. Vose,* 27 Conn. 1, 7.

It is suggested in the defendants' brief that counsel who filed the general appearance in fact represent an insurer. Of record, however, they appear for the defendant corporation and no suggestion is offered that they were not authorized to appear. On this record it must be held that by its general appearance the defendant Morse Chain Con.pany has consented to the jurisdiction of the court.

For the reason stated the plea to the jurisdiction is overruled.