## GEORGE C. MORGAN v. THE TRACY COMPANY ET AL.

SUPERIOR COURT    NEW LONDON COUNTY    FILE No. 17437

Memorandum filed June 17, 1947.

*Brown & James,* of Norwich, for the Plaintiff.

*Day, Berry & Howard,* of Hartford, for the Defendants.

CORNELL, J. The defendant is described as a foreign corporation. According to the prayers for relief, the plaintiff, who alleges he is a stockholder, desires to have it dissolved or, in any event to have the court take control of its property in this state and appoint a receiver to wind up its affairs here. Of course, this court has no power to dissolve a foreign corporation at the instance of a private suitor, although in equity it may, in a proper case, dispose of its property located in this jurisdiction through the instrumentality of a receiver appointed by it. *Low* v. *Pressed Metal Co.,* 91 Conn., 91 L. R. A. 1917D, 291; *White* v. *Greene,* 96 Conn., 265, 272; *Stolman* v. *Boston Furniture Co.,* 120 Conn., 235 243. See *Receivers Middlesex Banking Co.* v. *Realty Investment Company,* 104 Conn., 206,

216. As respects the jurisdiction of the Superior Court to grant relief in equity by injunction or otherwise respecting property belonging to a foreign corporation doing business here and the conditions under which such relief may be granted, where remedy within the corporation has not been exhausted, see *White* v. *Greene,* supra.

As respects the sufficiency of the allegations of a complaint seeking either the dissolution or the winding up of the affairs of a foreign corporation, any question of lack of jurisdiction to entertain the cause may not be raised by demurrer. *Atlantic Refining Co.* v. *O'Keefe,* 131 Conn. 528, 532. Nor is there any basis for the claim that to entertain a cause for the dissolution of a corporation, instituted by stockholders, under General Statutes, § 3467, it is essential that it appear that such persons be stockholders of record on the books of such corporation. 13 Am. Jur. 1166, § 1298. Much less would that be so in a proceeding in equity for relief against waste, usurpation of the authority of directors or officers or imposition upon the rights or interests of the minority.

These are mere general and gratuitous observations. For the complaint purports and all parties have treated its allegations as sufficiently comprehensive, in effect, to state a cause of action for dissolution under the authority of § 3467, and also for equitable relief by effecting a sequestration of its estate in Connecticut by appointing a receiver to wind up the same. The demurrer is addressed to the complaint as a whole and is ineffective unless it includes every cause of action stated therein. *Thompson* v. *Main,* 102 Conn. 640, 641. If it was the design to attack the complaint insofar as it purports to state one only of the two theories of action referred to this could have been done under the authority of Practice Book, § 97; likewise with respect to one or more paragraphs insofar as the same set up a particular cause of action or basis of relief, but not merely to paragraphs as such. *Donovan* v. *Davis,* 85 Conn., 394, 398. As it stands, the demurrer neither encompasses both causes of action nor singles out either of them. Since the demurrer is addressed to the complaint as an entirety the latter survives.

For the reason noted, the demurrer of defendants, Charles L. Smiddy and The Tracy Company, respectively, are overruled.