[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties have agreed that the defendant corporation is incorporated under the laws of Delaware with its principal place of business in Southbury, Connecticut. The plaintiff, a shareholder in the corporation, claims that the defendant has refused to give an accounting of its assets, has been subject to gross mismanagement and has refused to pay the plaintiff as a creditor of the corporation. The plaintiff seeks the appointment of a receiver, an accounting of the corporation, and a decree dissolving the corporation,
The defendant has moved to dismiss the complaint on the grounds that the court lacks subject matter jurisdiction in this matter. It has long been held that a court has equitable jurisdiction to appoint CT Page 3212 a receiver to preside over "the winding up of the local business of foreign corporations in receivership proceedings, whether in a stockholders' suit or upon a creditor's bill." Low v. Pressed Metal Co., 91 Conn. 91, 95
(1916); Horton v. Hydra Systems International, Inc., 16 Conn. App. 420,430 (1988), Such a procedure is allowed because it would be "intolerable to assert that any local business was beyond the original equity jurisdiction of our courts merely because it was conducted by a foreign corporation." Low, 91 Conn. at 95; Horton, 16 Conn. App. at 431. Thus, the court does possess subject matter jurisdiction to hear this matter. While it may be that the plaintiff cannot properly petition the court to dissolve a foreign corporation, such a matter should only be considered on a motion to strike a prayer for relief. Low,91 Conn. at 95; Horton, 16 Conn. App. at 430.
Accordingly, the motion to dismiss is denied.
McDONALD, JUDGE