## GEO. S. ELWOOD v. THE FIRST NATIONAL BANK OF GREENLEAF, KANSAS.

1. RECEIVER—*Action*—*Presumption*. Where the record of a case shows that a receiver was appointed on the same day on which the action was commenced, it will be presumed that each was done in its proper order.

2. ————— *Notice*. A receiver may be appointed without notice to the adverse party, though generally such a thing should not be done.

3. ————— *Provisional Receiver*—*Grounds*. For the purpose of appointing a provisional receiver it is not necesssry that all the grounds therefor should be set forth in detail in the plaintiff's petition. It is necessary, however, that the action should be one in which a provisional receiver may be appointed.

4. PROBABLE CAUSE OF ACTION, *Plaintiff to Have*. Before a receiver can properly be appointed it is necessary that the plaintiff should have a probable cause of action against the defendant, and that the benefit to be derived from such cause of action might be lost or substantially impaired if the receiver were not appointed; but all this was shown in the present case.

5. INSOLVENT NATIONAL BANK—*Receiver*. Where a national bank is insolvent and in process of voluntary liquidation, and its affairs are being greatly mismanaged by its managing agents to the injury of its creditors and stockholders, and some of the creditors and stockholders are being favored to the injury of others, a receiver may be appointed at the instance of one of the stockholders not favored; and a provisional receiver may be appointed in such a case even where the bank only has been made a defendant.

*Error from Washington District Court.*

THE opinion states the case.

*Frame & Bland,* for plaintiff in error.

*Rossington, Smith & Dallas,* and *Joseph G. Lowe,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Washington county by George S. Elwood, against the First National Bank of Greenleaf, in said county, for the purpose of having a receiver appointed to take charge of the affairs of the bank, and for other purposes. The action was commenced on October 18, 1888, by filing a petition properly verified by the oath of the plaintiff, and also by filing a precipe for a summons, and having a summons issued in the case. On the same day a receiver was appointed in the case by the probate judge of the county. The notice of the application for the appointment of the receiver was served only upon one of the directors of the bank. The sheriff stated in his return of the notice that he could not serve the same upon the president, cashier, or other chief officer of the bank, for the reason that they were all absent from the county. The president, who was also the general manager of the bank, was absent from the state. The service of the summons was not made until the next day, to wit, October 19, 1888. It was then served upon T. J. C. Smith, the president of the bank, who had then returned to the county. On the same day the receiver filed his bond, took the oath of office, and entered upon the discharge of his duties as receiver. On November 17, 1888, the defendant answered. On November 21, 1888, after giving proper notice, the defendant presented a motion to the judge of the district court at chambers, to set aside the order appointing the receiver, and to discharge the receiver, and for an order that the property in the hands of the receiver should be returned to the defendant; and the judge sustained the

motion and ordered accordingly. This order was filed in the case on November 22, 1888; and to reverse this order the plaintiff below, as plaintiff in error, brings the case to this court.

The defendant in this case was and is a national bank under the laws of the United States, and the plaintiff was and is a stockholder therein. At the time of the commencement of this action, the bank, by the consent of all the officers, was in process of voluntary liquidation, and T. J. C. Smith, the president, had the charge and management thereof. It is also alleged by the plaintiff that the bank through the gross mismanagement of its officers had become insolvent, and that its officers and managing agents were then fraudulently squander-ing its assets, and that unless relief were immediately granted great and irreparable injury would ensue to the stockholders, among which was the plaintiff. The main and principal object of the action was to obtain the appointment of a receiver to take charge of the affairs of the bank until its affairs could be finally settled; but the plaintiff also asked for and obtained the appointment of a provisional or temporary receiver to take charge of the affairs of the bank *pendente lite*. The order appointing this provisional receiver was afterward set aside by the order of the judge of the district court at chambers, and the receiver discharged; and of this order of the judge of the district court, and of this order alone, the plaintiff in error now complains. It would seem at first view that the order appointing the receiver was right, and that it should have been permitted to stand; but the defendant claims otherwise, and urges many objections to the order, and gives many reasons why a receiver should not have been and should not be appointed in the case. We shall consider these objections and reasons in their order.

I. It is claimed that the receiver was appointed before any action was commenced in the district court. This does not so appear from the record. It appears from the record that both these things took place on the same day, and presumably in their proper order. But as all were done on the same day,

could it make any difference which parts of the same were attended to first?

II. It is further claimed that the appointment of the receiver was *ex parte*, and without notice to the defendant. This in legal contemplation is true; for the notice that was actually served upon one of the directors of the bank cannot be considered as a notice to the bank. It would seem however from the return of the sheriff, that the notice could not at that time be served upon the defendant, for the reason that all its officers upon whom the notice could be served were absent from the county. And besides, a receiver may be appointed without notice, although generally such a thing should not be done. But the question is immaterial now, as the entire question with regard to the necessity or want of necessity for a receiver, or the propriety or impropriety in having one, has been heard before the judge of the district court, and both sides have had an ample opportunity of being heard, and of presenting all that either party desired to present.

III. For the purpose of appointing a provisional receiver it is not necessary that all the grounds therefor should be set forth in detail in the plaintiff's petition, as the appointment of such a receiver is only an ancillary remedy. (*Hottenstein v. Conrad*, 9 Kas. 435.) It is necessary, however, that the action should be one in which a provisional receiver may be appointed. But this one of such actions.

IV. It is also claimed that before a receiver can be appointed, it is necessary that the plaintiff should have a probable cause of action against the defendant, and that the benefit to be derived from such cause of action might be lost or substantially impaired if a receiver were not appointed. This is certainly true, but it would seem to us that the plaintiff showed all this, both before the probate judge and before the judge of the district court. He certainly owned one share of stock, although it did not appear on the records of the bank to be in his name. He also had been the owner of ten other shares of stock which then appeared and still appear from the records

of the bank to be in his name, and these ten shares of stock do not in fact belong to any other individual stockholder. They belong either to the plaintiff, and are deposited with the bank as collateral security, or they belong to the bank — and it is not certain which; but in either case, the plaintiff has an interest in them as will hereafter be seen.  The one share of stock was purchased for the purpose, among other things, of enabling the plaintiff to commence this action.  If this one share of stock, purchased as it was, were his only interest to be protected, it is probable that he should not be permitted to maintain this action.  But it would seem that he must also be liable to the creditors of the bank to the amount of the ten shares of stock, and taking his entire interest in the eleven shares of stock above mentioned and his liability to the creditors thereon, it would seem as though this ought to be sufficient with the other facts of the case to permit him to maintain the action.  The bank also, in all probability is hopelessly insolvent, and the creditors will eventually, after exhausting all the assets of the bank, sue the stockholders, including the plaintiff, for the remainder due them.

V.  It is claimed that there is a defect of parties defendant, for the reason that the "officers of the defendant and the stockholders therein are not and were not made parties to this action."  We do not think that this is material at the present time. (Beach on Receivers, §§ 131 to 133.)  It may be that before the final hearing of the case upon the petition is had, all necessary or proper parties should be brought in; and it would of course, even upon an interlocutory application for the appointment of a provisional receiver, such as this application is, be better to bring in all proper parties, but such a thing is not a prerequisite.  The principal party defendant, the bank, a largely representative party, has been brought in; and it has had an opportunity to be heard upon these interlocutory matters concerning the appointment and the retention or discharge of the provisional receiver.

It is unnecessary to go further into the facts or into the merits of this case.  It is clear that the affairs of the bank in

the present case should be in the hands of a receiver. The bank is clearly insolvent. Its affairs have been very badly mismanaged. Some of its creditors have been secured by its managing officers and agents to the injury of other creditors. Absolute deeds of conveyance for the property of the bank have been executed where at most only mortgages should have been executed, and probably not even mortgages. And some of the books of the bank have been sent beyond the jurisdiction of the court and out of the state, and placed in the hands of the attorneys of the favored creditors and stockholders. Exact justice can be done only by a receiver who will not favor one creditor or stockholder more than another.

The order of the judge of the court below will be reversed, and the receiver appointed by the probate judge will be permitted to retain the position.

JOHNSTON, J., concurring.

HORTON, C. J., not sitting.