## *In the matter of the Petition of* H. W. LEWIS, *for a Writ of Habeas Corpus.*

1. CORPORATION — *Appointment of Receiver at Suit of Stockholder.* Under the fifth subdivision of § 254 of the civil code, a receiver may be appointed at the suit of a stockholder, where the business and affairs of a corporation have been so mismanaged that it has become insolvent, and where it is made to appear that all the officers and directors of the same have conspired together to divert its business to another company, dissipate its funds, and fraudulently absorb and apply its assets to the individual benefit of such officers.

2. CORPORATE PROPERTY, *When Restored to Officers.* In such a case the property and assets of the corporation may be placed in the hands of a receiver, to be preserved and rightfully applied under the supervision of the court, and it may be restored to the officers when there has been a change of management, or when it is deemed by the court to be prudent and safe to restore the property and affairs of the corporation to its duly-constituted officers.

### *Original Proceeding in Habeas Corpus.*

PETITION by *H. W. Lewis,* for release from custody on a commitment for contempt. The opinion herein, filed January 6, 1894, states the material facts.

*Campbell & Dyer,* for petitioner.

*Holmes & Haymaker,* for respondent.

The opinion of the court was delivered by

JOHNSTON, J.: H. W. Lewis asks to be discharged from the custody of an officer who holds him in pursuance to an order of the district court of Sedgwick county, committing him for contempt. By this proceeding in *habeas corpus,* the petitioner challenges the power of the district court, which was exercised in the appointment of a receiver in the case of Price *v.* The International Loan & Trust Company *et al.,* pending in the same court. If the district court had jurisdiction of the subject-matter of the action and of the parties thereto, and power to make the appointment, any error committed in the exercise of such power cannot be reviewed nor revised

in this proceeding. The action in which the receiver was appointed was brought by the stockholders against the International Loan & Trust Company, its officers and directors, as well as the Equity Trust Company, of Wichita. It was alleged that the International Loan & Trust Company had been engaged for a number of years in making loans in the name of the company, securing the same by mortgages, which were negotiated and sold to eastern purchasers, charging a commission for the making of such loans, which commissions were represented by notes and mortgages, and that the chief profit resulting to the company was from the sale of proceeds of the second, or commission, mortgages. It is alleged that an extensive business had been done by the company, and that it had assumed vast obligations by the guaranty of loans. It is alleged that the business of the company has been grossly mismanaged, by reason of which it has become insolvent, and that the petitioner, H. W. Lewis, who was the president of the company, as well as the secretary and treasurer, have had the principal charge of the business; that these three men were directors, while the other directors were relatives and creatures of and subservient to these three directors, and in fact that the company was being managed for the individual and personal benefit of the president, secretary and treasurer of the corporation, who were rapidly absorbing all of the assets of the company, to the detriment and injury of its stockholders and creditors. It was alleged that the president was using the company's money to pay off and discharge his individual and personal liabilities, with the knowledge and consent of the other directors, all of whom were under his influence and control. It was also charged that the president, secretary, and treasurer, together with two other of the directors of the company, had formed a new corporation, called the Equity Trust Company, of Wichita, and that they had fraudulently, and against the interests of the stockholders of the International company, conveyed to the Equity company all the real property belonging to the International company, as well as

a portion of its personal property; and further, that they are endeavoring to divert the business which legitimately belongs to the International company to the Equity company. The plaintiffs ask that the Equity Trust Company should be adjudged and decreed to hold in trust for the International Loan & Trust Company all the tax certificates, commission mortgages or real property which the petitioner and other officers have caused to be transferred to the Equity Company. They also ask to enjoin the defendants from transferring any mortgages, tax certificates, choses in action or other property belonging to the International Loan & Trust Company, or in which it had any interest; and, finally, that a receiver be appointed to take charge of the property and affairs of the International Loan & Trust Company during the pendency of the action and the hearing of the cause, and that such receiver may be empowered to do all that is necessary in winding up the affairs of the corporation, as well as for all other and proper relief as might be just and equitable in the premises. After the receiver was appointed, he sought to take possession of the property confided to him, when the petitioner resisted all demands of the receiver, and refused to surrender the property belonging to the company. For this refusal, he was held to be in contempt of court, and was committed until he should purge himself of such contempt.

Whatever may be the actual facts in the case, those alleged were certainly sufficient to give jurisdiction for the appointment that was made. At this time we cannot consider whether the power was wisely and correctly exercised, nor whether the testimony justified the finding and order made. When the power is shown to exist, the inquiry on *habeas corpus* is at an end. While the authority to appoint a receiver should be strictly construed, and the power to wrest the property of a corporation from the management of the directors and officers should never be doubtingly exercised, we have no doubt in this case that the court was at least vested with jurisdiction to make the appointment. The facts alleged, if sustained, would seem to justify a court of equity,

aside from any statutory provision, in appointing a receiver to protect the interests of stockholders against the malfeasance of the officers in charge of the corporate business and their fraudulent misapplication of its property and funds. Our statute upon this subject, while recognizing and preserving the general jurisdiction of courts of equity over corporations and in the appointment of receivers, enlarges and extends the power of courts in that respect. It not only provides that the appointment may be made in a proceeding ancillary to a pending cause, but confers authority to appoint a receiver for the preservation of rights and property, when such appointment is the principal object of the action. (Civil Code, § 254, subdiv. 5.) It will be observed that it authorizes an appointment: "First, in an action to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim, or between partners or others jointly owning or interested in any property or fund, or the application of the plaintiff, or of any party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured. Second, an appointment may also be made in a foreclosure action. Third, it is provided that a receiver may be appointed after judgment, to carry the judgment into effect. Fourth, after judgment, to dispose of property according to the judgment, or to preserve it during the pendency of an appeal, or in proceedings in aid of execution. Fifth, in the cases provided in this code, and by special statutes, when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights." And, finally, it is provided that such an appointment may be made in all other cases where receivers have heretofore been appointed by the usages of courts of equity. If we were to treat the appointment of a receiver as only an auxiliary remedy, it must be held that there was power to make the appointment in the present case, as the plaintiffs not only asked for an injunction to prevent alleged wrongs — which appears

to have been denied — but they also asked that the company to which the property of the corporation had been wrongfully transferred be adjudged to hold the same in trust for its owners, and in effect it is required to restore the same. This relief would bring the case within the first and sixth subdivisions of the statute. Under the fifth subdivision, however, it appears that a receiver may be appointed in the cases provided in this code, and by special statutes where the corporation has been dissolved; and then there is the distinct ground providing for an appointment where the corporation is insolvent or in imminent danger of insolvency. This provision has been held to authorize the appointment of a receiver

1. Corporation— appointment of receiver at suit of stockholder.

at the suit of a stockholder, where it appears that the corporation has become insolvent through the mismanagement of its officers, and that the continuance of their administration will necessarily result in the dissipation and absorption of the assets of the corporation by the officers themselves. (*Elwood v. National Bank*, 41 Kas. 475; *Fluker v. Railway Co.*, 48 id. 577; *Watkins v. National Bank*, 51 id. 254.)

By the averments of the petition, it would appear that all the officers of the corporation have conspired together to divert its business to another company, and to absorb its earnings and assets and appropriate the same to their own uses. Under those circumstances, it would be useless to apply to the officers to bring an action against themselves, and in such cases the law permits the appointment of a receiver at the instance of a stockholder. In most cases of this character no other adequate remedy exists. The appointment of a receiver is not necessarily a proceeding to dissolve a corporation, nor will it necessarily result in its extinction. The property and assets of the corporation which are being

2. Corporate property, when restored to officers.

dissipated and fraudulently absorbed will be preserved and rightfully applied under the supervision of the court, and may be restored to the officers of the corporation when there has been a change of officers, or when it is deemed prudent and safe to restore the

property and affairs of the corporation to its duly constituted officers. (See *National Bank v. Tile Co.*, 105 Ind. 227; *Pike Co. v. Hammons*, 129 id. 368; *Order of Iron Hall v. Baker*, 33 N. E. Rep. 1128; *Haywood v. Lumber Co.*, 64 Wis. 639; *Tank Line Co. v. Varnish Co.*, 43 Fed. Rep. 204; Mor. Priv. Corp., § 281; Pom. Eq. Jur., § 1334; High, Rec., § 313; Spel. Priv. Corp., § 1001; 20 Am. & Eng. Encyc. of Law, p. 272.)

The principal authority cited in opposition to the decisions of this court in respect to the appointment of a receiver is the *French Bank Case*, 53 Cal. 495. While we are unable to agree with some of the views expressed in that decision, it can hardly be regarded as an authority in the present case. The statute of California differs from ours in two respects, and one is, that it seems to provide that a receiver can only be appointed in a pending cause, and the court, therefore, holds that the remedy was merely auxiliary or in aid of the action already brought. In the present case, however, whatever view might have been taken of the character of the remedy, there was undoubted jurisdiction in the court, and hence the petitioner must be remanded.

All the Justices concurring.