H. S. VAN ALSTINE, Appellee, v. GEORGE HARTNETT et al., Appellants.

DECEMBER 14, 1928.

Clyde C. Coyle, for appellants.

Lovrien & Lovrien, for appellee.

DE GRAFF, J.—On December 16; 1925, the appellee herein filed his petition in equity, to foreclose a real estate mortgage. Answer was filed thereto. This appeal is in no wise concerned with the averments of the pleadings in the cause, or with the evidence upon which the decree is predicated, except a stipulation to which reference will presently be made.

It appears that, on the 26th day of October, 1926, a stipulation of the parties was entered of record, and on the same date, a decree of foreclosure of the mortgage in question was entered. This decree was in no way challenged by appeal. Special exe-

cution issued thereon, and the sheriff's return shows that the land was sold to the appellee (mortgagee) for the full amount of the judgment, with interest and costs, and that a certificate of sale for the real estate was issued to the purchaser.

Subsequently to the entry of the decree and the sale on execution, the appellants filed in said cause,—to wit, March 7, 1927,—their motion to discharge the receiver, and, as ground therefor, stated that plaintiff (appellee) bid the full amount of judgment and costs at foreclosure sale, and that the judgment is fully satisfied, and nothing remains to be done by the receiver. To this motion a resistance was filed, alleging that the pleadings, stipulations, and files in this cause show that the defendants (appellants) have no such interest as to entitle them to an order of discharge of the receiver; that the stipulation specifically provides for the payment of $1,500 as rental for the year 1926, and that the authority of the receiver to collect rent was for the year prior to the year of redemption; and that the record affirmatively shows that there are moneys for the receiver to collect. This motion and the resistance thereto necessitate a reference to the stipulation in question and to the decretal portion of the judgment entered in the foreclosure proceeding.

The primary contention of the appellant is to the effect that, whenever the reason or necessity for a receiver ceases to exist, the receiver should be discharged. This may be conceded to be the general rule. 34 Cyc. 171, Paragraph 2. It may also be conceded that a judgment entered with the consent of the parties must conform to the terms agreed upon by the parties. 34 Corpus Juris 133, Section 336; 15 Ruling Case Law 604, Section 43; *McFadden v. Ross*, 108 Ind. 512 (8 N. E. 161); *Reynolds v. Stockton*, 140 U. S. 254 (35 L. Ed. 464).

The decree in the instant case recites that both plaintiff and defendants appeared in person and by their respective counsel. It is conclusively presumed, therefore, that the parties litigant understood the intent and content of the decree entered, in the light of the stipulation in question. It may be observed that, at the time the stipulation was made, there were two causes of action pending between the parties in the same court: one (the instant action) involving the foreclosure of a real estate mortgage; the other involving recovery on a chattel mortgage. No

decree was taken in the latter cause, and the notes and mortgages involved therein were assigned to one of the defendants.

It is also to be observed that the stipulation did not contemplate the appointment of a receiver for the year of redemption, but to receive, for a specific purpose, land rental already accrued. In brief, the stipulation, in the light of the entire record, clearly shows that the receiver was appointed, not to exercise the ordinary powers, and for the usual purpose in foreclosure proceedings, but for the specific purpose to collect $1,500 as rental, as being due or about to become due. The stipulation must be construed in the light of the decree entered by the trial court. In fact, the trial court did construe the stipulation, which, *inter alia*, provides:

"The decree in No. 7435 [case at bar] shall provide for a receiver to collect the sum of $1,500 which the above named defendants agree to pay as rental for the year 1926 [not the year of redemption], and shall further provide that the plaintiff [mortgagee] shall have the right to enter said premises for the purpose of repairs, plowing, and preparation for next year's tenancy."

The stipulation further provides for the dismissal of Cause No. 7467 (chattel mortgage case), and that the notes and mortgages involved in said cause "are hereby assigned to Mary Hartnett, without recourse," and that the defendants agree to execute a quitclaim deed of the premises to plaintiff or to whomsoever he may name at any time. It is further recited:

"This stipulation constitutes a full and complete settlement of all claims existing on the part of either of the above named parties against the other."

In the decree entered construing the stipulation, it is said:

"It is further ordered, adjudged and decreed that one Rex Van Alstine, of Gilmore City, Iowa, be and he is hereby appointed receiver to collect the rents and collect the said sum of $1,500, as provided in said stipulation, and it is decreed that the said rent is due as of this date [October 26, 1926], and it is further decreed that the said receiver shall apply said rents, first to the payment of taxes and interest upon prior incumbrances; and second, to insurance and upkeep; and third, to

pay the balance, if any, to the plaintiff as consideration for the assignment of the chattel mortgages, as herein set forth."

It is obvious that the trial court, upon ruling the instant motion, construed together the decree theretofore entered and the stipulation filed. This was eminently proper. The fund collected by the receiver was to be applied to certain purposes. The trial court recognized and knew this was true by virtue of an agreement of the parties at the time the decree was entered. In fact, this thought was expressly stated in the ruling of the court on the instant motion, wherein it is said: "The fact that the sale was had and the judgment satisfied did not in any way discharge the defendants from paying the $1,500 rental to the receiver" for the purposes intended and agreed upon by the parties.

This appeal does not involve the proposition that, where the property sells at foreclosure sale for enough to satisfy the judgment, the mortgagor is entitled to a clean slate; or, if the property sells for more than the judgment, the mortgagor is entitled to the excess. The construction placed upon the stipulation by the trial court in the decree must be accepted as a finality. The defendants consented to the decree, and became bound thereby. The $1,500 in question agreed to be paid was in consideration of the matters involved in the chattel mortgage case pending at the same time as the instant case; and although the stipulation could have been worded with more definiteness and with greater clarity, the trial court, in both the decree entered and the ruling on the instant motion, removed all uncertainty and doubt.

The ruling of the trial court is—*Affirmed.*

STEVENS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.