H. S. VAN ALSTINE et al., Appellees, v. GEORGE HARTNETT et al., Appellants.

No. 40228.

JUNE 23, 1930.

REHEARING DENIED SEPTEMBER 22, 1930.

*Coyle & Coyle,* for appellants.

*Lovrien & Lovrien* and *F. E. Van Alstine,* for appellees.

ALBERT, J.—H. S. Van Alstine was the holder of certain notes secured by a real estate mortgage executed by George Hartnett and Mary Hartnett on certain land, and also the holder of chattel mortgages on certain personal property of the Hartnetts'. In October, 1926, he started proceedings, by separate actions, to foreclose both mortgages. A stipulation was made and filed, covering both of these foreclosures, by which the plaintiffs were to have judgment and decree of foreclosure of the real estate mortgage. The chattel mortgages and notes were assigned to Mary Hartnett, without recourse, and the action to foreclose the same was dismissed. It was further stipulated that in the real estate foreclosure the decree should provide for a receiver, to collect the sum of $1,500 from the Hartnetts. The Hartnetts agreed to surrender possession of the premises on or before March 1, 1927, and pursuant thereto, the court made an entry, which, after reciting the appearances, entering certain defaults, etc., made numerous findings, among which is the following:

"(7) The receiver shall have a lien against all property kept upon said premises, including all crops, whether exempt from execution or not, and the said lien should be and is superior to the lien, claim, or interest of defendant Mary Hartnett under the chattel mortgages assigned to her."

The entry then proceeds: "Wherefore it is hereby ordered, adjudged, and decreed" (then proceeds to order judgment for the amount due under the notes and real estate mortgage, attorney fees, and sufficient costs, foreclosure of the mortgage, orders special execution, provides for a right of possession, and then proceeds):

"It is further ordered, adjudged, and decreed that one Rex Van Alstine of Gilmore City, Iowa, be and he is hereby appointed receiver to collect the rents, and collect said sum of $1,500, as provided in said stipulation."

It is further decreed that:

"The receiver shall apply said rentals, first to the payment of taxes and interest on prior incumbrances, and second, to insurance and upkeep, and third, to pay the balance, if any, to

the plaintiff, as consideration for the assignment of the chattel mortgages as herein set forth."

The land was sold under the mortgage foreclosure, and the plaintiffs bid the full amount of the judgement, interest, and costs. Thereupon, defendants moved to discharge the receiver, and, their motion being overruled, they appealed from such ruling to this court; and the opinion will be found in 207 Iowa 236, affirming the ruling of the lower court on the motion to discharge the receiver.

This chattel mortgage and the notes accompanying it were duly transferred to Mary Hartnett, who later transferred the same to Joe Sherlock and C. C. Coyle. The mortgage was foreclosed, the proceeds thereof amounting to $1,600, which still remains in the hands of the First National Bank of Humboldt, Iowa, which clerked the sale, said bank also being a party defendant in the present action.

In February, 1927, the petition in equity in the present action was filed, in which it is sought to recover the sum of $1,500 due under the stipulation, and to establish a lien against the chattel property, and to impress the fund in the hands of the First National Bank of Humboldt with a trust in favor of the plaintiff, and an order is asked that the First National Bank pay the same to the plaintiff.

In the present proceedings, Sherlock and Coyle intervene, claiming that they are entitled to the funds in the hands of the First National Bank of Humboldt, and asking that they have judgment and decree accordingly. Numerous pleadings were filed in the case, and evidence taken on some of the questions involved. A decree was entered in favor of the plaintiffs, and an order made on the First National Bank to turn the proceeds of said chattel mortgage foreclosure over to Rex Van Alstine, as receiver. The Hartnetts and the receiver appeal.

By adverting to the stipulation and the decree in the former case, it is to be noted that, while the finding of fact designated as No. 7 provided that there should be a lien upon the personal property on the premises superior to the lien of Mary Hartnett under the chattel mortgages, no such provision is contained in the decree itself; and we are therefore confronted with the vexatious question of just what effect Finding No. 7 has in the case before us.

Under the English chancery practice, a decree recited substantially all of the proceedings upon which the decree was based, including the pleadings and evidence or findings (21 Corpus Juris 655); but the modern doctrine is that mere findings or conclusions of law have no place in a judgment. They may be incorporated in the same instrument without affecting the validity of the judgment. 33 Corpus Juris 1195.

In the case of *Judd v. Powers*, 156 Iowa 251, l. c. 256, we discussed this question, and held that:

"* * * the findings and judgment may be incorporated in the same instrument without affecting the validity of the judgment and without making the findings a part of the judgment proper."

We again had this question before us in *Van Gorden v. Schuller*, 192 Iowa 853, l. c. 857, where this question was elaborately discussed, and it is said:

"Now the recital or findings of fact by the court is not a final judgment or decision; it is not a decree; it is not an order; it fits into none of the statutory definitions of things appealable. * * * The decree, properly speaking, includes only that part of the court's final pronouncement which adjudicates and determines the issues in the case and defines and settles the rights and interests of the parties so far as they relate to the subject-matter of the controversy. If the court goes further, and sets forth the reasons which have influenced its decision, such statement or opinion is not an essential part of the decree."

It must follow that there is a distinction between the findings and opinion of the court and the decretal part of the decree, and also that, whatever may appear in the writing designated as "the decree," only those things are of force and effect which are in the provisions of the instrument which in fact is the decree. As applied to the facts before us, it must be held, therefore, that Paragraph 7 of the finding, purporting to create a lien superior to that of the holder of the chattel mortgage, has no force and effect, and is binding upon no one. But, were the rule otherwise, plaintiffs still could not maintain their position, because the lien purporting to be created in said Finding No. 7 is purely voluntary on the part of the court. No such

issue was raised in the pleadings, and the stipulation nowhere provides for such a lien; nor does it provide that the $1,500 therein specified to be paid by the defendants the Hartnetts shall be a lien on anything; nor is it stipulated that the rights of the plaintiffs to the $1,500 shall be superior to the rights of Mary Hartnett or her assigns under the chattel mortgages. The record itself shows that Finding No. 7 was wholly without support, and in no way warranted by the record before the court.

The plaintiffs base their cause of action herein on the alleged lien which they claim was raised by reason of the stipulation and the aforesaid finding, No. 7. As heretofore explained, no such lien existed in favor of the plaintiffs; for it was not provided for in the stipulation, nor was it covered by the decretal part of the decree. Plaintiffs, therefore, had no lien on which to base this cause of action, and the court erred in holding otherwise. Under the record, the decree should have been entered in favor of the holders of the chattel mortgages, and the funds in the hands of the First National Bank of Humboldt should have been turned over to such holders.

As a part of the decree awarding judgment against the Hartnetts, plaintiffs were given a judgment for $1,500, with interest and costs. This matter is not shown to have been included in the foreclosure decree, and, as explained in the former opinion of this court in this same case, 207 Iowa 236, the promise made by the Hartnetts to pay this $1,500 was the consideration for the transfer of the chattel mortgage to Mrs. Hartnett. They were, therefore, owing this $1,500, and the judgment therefor was rightfully entered against them.

The decree, therefore, in so far as it awarded a personal judgment against George and Mary Hartnett for $1,500, interest, and costs, is affirmed. On the appeal of Coyle and Sherlock, the case is reversed.—*Affirmed in part; reversed in part.*

MORLING, C. J., and STEVENS, FAVILLE, and WAGNER, JJ., concur.