BENJAMIN STOLMAN ET AL. *vs.* BOSTON FURNITURE COMPANY ET AL.

MALTBIE, C. J., HAINES, HINMAN, AVERY and FOSTER, Js.

Argued May 10th—decided July 12th, 1935.

*William Dimenstein,* for the appellant (plaintiff).

*George W. Crawford,* for the appellee (defendant).

*Charles A. Harrison,* for the receiver.

FOSTER, J.   An involuntary petition in bankruptcy was filed against Frank J. Resnikoff, to whom reference is hereinafter made as Resnikoff, who was engaged in the furniture business.   A settlement of his debts was effected with his creditors by a composition of 22½ per cent., of which 15 per cent. was payable in cash and 7½ per cent. in notes.   The necessary cash was loaned to Resnikoff by Benjamin Stolman and Isadore Opper under a written agreement, by the terms of which Resnikoff was to secure them for such loans.   It was agreed that he would cause to be organized a corporation named The Boston Furniture Company, Incorporated, to take over all of the assets that he had owned and used in his furniture business and that he would assign unto Stolman and Opper all of the corporate shares in the corporation to be held by them until his debts owed to them were paid.   Such corporation was organized with an outstanding capital stock of $50,000 divided into five hundred shares of no par value.   In practical conformity with the agreement

above mentioned, two hundred and forty-nine shares of the stock were issued to Stolman, two hundred and forty-nine shares to Opper, one share to Frank J. Resnikoff and one share to Oscar Resnikoff.

In issuing the notes for the 7½ per cent. of his indebtedness in accordance with his composition in bankruptcy, Resnikoff signed them "Frank J. Resnikoff" and "The Boston Furniture Co., Inc., by Frank J. Resnikoff, Pres." Eventually legal action was threatened against the corporation for the collection of these numerous notes by the holders.

Upon this state of facts Stolman and Opper instituted this action, alleging in their complaint that as a result of the execution of the notes by Resnikoff as president of the corporation for his own private indebtedness, the assets of the corporation were in imminent danger of waste through attachment and litigation and praying for the appointment of a receiver and dissolution of the corporation and such other equitable relief as might be just and proper in the premises. A receiver was appointed, and the assets of the estate appraised at $45,534.14. After continuing the business for a short time, certain of the assets were sold under order of the court, and the operation of the business was discontinued. On April 27th, 1934, upon the filing in court by the receiver of a "tentative report," the receiver was ordered by the court to pay all allowed claims in full.

On May 25th, 1934, the court on written application of the receiver passed an order concerning the distribution of the assets of the receivership then in his hands to stockholders of the corporation. In the application, of which as a part of the file of this case we take judicial notice, it is stated that all of the creditors whose claims had been allowed had been paid in full, that the receiver and his attorney had been paid in

full to date, and that a balance sheet, filed as of April 18th, 1933, represented the exact status of the corporation; and the receiver petitioned the court for advice and authority in regard to the distribution of the balance of the assets. The order of the court was that the receiver was authorized and ordered to distribute the balance of the assets on hand to the stockholders. The assets consisted largely of a great number of leases or conditional bills of sale of furniture, the face value of which was in excess of $40,000. The order did not provide for the sale of the leases, but directed their distribution in kind. The receiver did not wholly comply with this order, but he did pay to the stockholders $7760.62 in cash. At the time of such order of distribution, the receiver had never given notice of disallowance of claims to creditors whose claims had been disallowed, as is required under § 240 of the Rules of Court. Such notice was later given, whereupon, within the time provided by the Rules of Court, more than sixty claimants presented to the court their application that their claims be allowed. After formal and extended hearings by the court, all of these claims were disallowed and finally barred. Frank J. Resnikoff, Opper and Oscar Resnikoff, owners of a majority of the stock of the corporation, thereupon filed in court a written motion reciting that the corporation was fully solvent and was desirous of resuming its business and praying that the assets in the hands of the receiver be by him turned over and distributed unto the corporation, and the receiver filed a written motion in court for advice as to the disposal of the assets remaining in his hands. The receiver filed his final account, which, among other matters, showed accounts receivable of $40,117.04.

At the hearing upon the motions of the stockholders and the receiver no evidence was received, but

the receiver and all stockholders were represented by counsel, and upon the pleadings and representations and admissions of counsel the court found that the cash value of the accounts receivable was at least $18,000. Stolman and Opper were each paid during the receivership $3864.79, and less than $6000 of the amount which Stolman loaned to Resnikoff, as security for which he holds 49 per cent. of the stock of the corporation, remains unpaid to him. The stockholders of the corporation duly elected officers to succeed those whose terms had expired during the pendency of the receivership proceedings and passed a resolution that the corporation receive from the receiver all assets belonging to it and resume its business. All of the debts of the corporation have been paid. All parties in interest having been heard, the court passed an order that the receiver turn over all assets in his hands to the corporation, and the court later denied a motion to vacate and reopen the order. From this order of the court and its denial of a motion to vacate and reopen the order the appellant appeals.

There are certain fundamental principles of law, elementary though they be, upon which the determination of this case rests. An action in receivership is an action in equity. "This proceeding for the appointment of a receiver to take possession of all the assets and for the dissolution of the Hotel Corporation, was an action in equity." *Beach* v. *Beach Hotel Corporation,* 117 Conn. 445, 450, 168 Atl. 785. A court of equity does full and equal justice to all having an interest in the subject-matter. As tersely expressed in one of our cases, "Equity never does anything by halves." *Barber* v. *International Co. of Mexico,* 73 Conn. 587, 605, 48 Atl. 758.

There stands in the name of the appellant 49 per cent. of the stock of the corporation. He did not buy

it, nor does he own it in fee simple. He holds it as security for a loan to Resnikoff of $12,600, on which debt less than $6000 is now due. The assets of the corporation are worth at least $18,000. There are no creditors of the corporation. If the assets are turned back to the corporation by the receiver, as ordered by the court, the appellant will hold as security for his present debt of $6000 or less, 49 per cent. of the stock of a corporation whose assets are worth at least $18,-000. The other stockholders are equally well protected and are receiving the same equitable treatment. That the court below granted an order that did full equity to all parties interested, there can be no question. It remains to examine the modus operandi of the court in arriving at its final conclusion and order and to determine whether any statutory provision or rule of equity has been violated.

On May 25th, 1934, the court ordered the receiver to distribute the assets in his hands among the stockholders. The receiver partially complied with this order by paying to the stockholders $7760.62. The order from which this appeal is taken in effect vacates the order of May 25th, 1934, as to the remaining assets in the hands of the receiver. The appellant claims that the order of May 25th, 1934, was in the nature of a final judgment, which could not be vacated, reopened or modified at a later term of the court. At the time this order was entered there still remained rights of numerous creditors that had not been adjudicated, and the case still remained in court for further proceedings. It does not follow that an appealable order is a final judgment that, in the absence of appeal, cannot be vacated by the court as to assets in the hands of the receiver that have not been distributed in accordance with the order.

An order for the final distribution of the assets of

the estate could only properly be made when all claims against the estate and all expenses of administering the estate had been adjudicated. "Irregularity in the proceedings leading to the entry of a judgment, as distinguished from mere error, is ground for vacating the judgment, provided the irregularity renders the judgment void or is prejudicial or dangerous to the substantial rights and interest of the party affected." 34 C. J. 274. "A judgment may undoubtedly be vacated for prejudicial irregularity." "A judgment is said to be irregular whenever it is not entered in accordance with the practice and course of proceeding where it was rendered." "Where the court has been deceived or is laboring under a mistake or misapprehension as to the state of the record or as to the existence of other extrinsic facts upon which its action is predicated, it may vacate the judgment which it would not otherwise have made." 1 Freeman, Judgments (5th Ed.) §§ 217, 218 and 220.

The order from which appeal is here taken does not purport to affect the cash paid by the receiver to stockholders under the former order; it merely affects the assets still in the hands of the receiver as to which the stockholders as such have no rights as yet established or adjudicated. Moreover, it appears that the order of May 25th, 1934, contemplated a final distribution of all of the assets in the hands of the receiver before the claims of more than sixty persons who claimed to be creditors had been finally adjudicated. Such situation obviously was not brought to the attention of the court at the time such order was made. It is not only within the power and jurisdiction, but it is the imperative duty, of a court of equity to correct and remedy such a situation.

It is urged by the appellant that the principal prayer for relief appearing in the complaint and the principal

object of the entire action were the dissolution of the corporation, to which the appointment of a receiver was ancillary, or a means to an end. This action was instituted in accordance with the terms of General Statutes, § 3467. By the terms of that statute the court "may, if it shall find sufficient cause, appoint one or more receivers to wind up the business of such corporation, and may at any time, for sufficient cause shown, make a decree dissolving such corporation and terminating its corporate existence." Here is no inflexible provision that upon such a complaint as this, containing the prayers for relief here appearing, the corporation must be dissolved. A decree of dissolution of the corporation rests in the sound judicial discretion of the court, which must be based upon sufficient cause shown.

In passing upon the power of the court under the law as it existed in 1914, which upon the question here under discussion was essentially similar to our present law, we said: "Whenever any good and sufficient reason exists, the court may decree a dissolution. What will be a good and sufficient reason must be left to the good judgment of the court. No fixed rule can be established fitting each case, since the facts of each differ." *Sheehy* v. *Barry,* 87 Conn. 656, 662, 89 Atl. 259. The court can upon a proper complaint appoint a receiver to wind up the business in this State of a corporation, even when it has no power to decree a dissolution of such corporation by reason of its having been organized under the laws of another State. *Low* v. *Pressed Metal Co.,* 91 Conn. 91, 99 Atl. 1. There being no decree of dissolution of the corporation, and all practical purposes of the receivership having been accomplished, and it appearing that the corporation had taken requisite action for the reception of its assets from the receiver and carrying on its business, it was

within the legal discretion of the court to order the receiver to turn over the assets then in his hands to the corporation.

"There is no fixed time for the duration of a receivership of a corporation. Generally the receivership does not terminate until the final settlement of the case. However, it is elementary that a receivership should be terminated as soon as it has accomplished its purpose. . . . In case a receiver is appointed on the ground of lack of corporate officers or of dissensions in the governing body making it impossible for the corporation to carry on the business with advantage to the stockholders, then the receivership must be only for such time as is necessary to protect the rights of the injured parties, and as soon as a lawfully constituted and competent governing body comes into existence, whether it is brought into existence by an adjustment of the dissensions or by the election of a new body, and such body is ready to take possession of the property of the corporation and proceed in the proper discharge of its duties, the court must lift its hand and retire. [*Edison* v. *Edison United Phonograph Co.*, 52 N. J. Eq. 620, 626, 29 Atl. 195.] . . . As a general rule, whenever the reason or necessity for a receiver ceases to exist, the receiver should be discharged." 16 Fletcher, Cyclopedia Corporations (Permanent Edition) § 7770, p. 266 et seq.; *Brennan* v. *Rollman*, 151 Va. 715, 731, 145 S. E. 260, 265; *In re Lewis*, 52 Kan. 660, 35 Pac. 287; *Van Alstine* v. *Hartnett*, 207 Iowa, 236, 222 N. W. 363. The corporation was at all times during the receivership the legal owner of the fee to these assets, and the stockholders at no time owned them. The stockholders only had an equitable interest in the assets upon dissolution of the corporation. *DeNunzio* v. *DeNunzio*, 90 Conn. 342,

348, 97 Atl. 323; *Butler* v. *Beach,* 82 Conn. 417, 74 Atl. 748.

The appellant urges that the court should not order the return of the assets to the corporation, because Resnikoff, whose illegal act in signing the original notes was the cause of the receivership, is now a party to the motion to return the assets to the corporation and has been re-elected president of the corporation. While the illegal act of Resnikoff in causing the notes to be signed "The Boston Furniture Co., Inc., by Frank J. Resnikoff, Pres." was the immediate cause of the difficulties in which the corporation became involved, the circumstances under which these notes came to be executed in that way do not appear, nor does the finding disclose such a situation as would make it compulsory upon the trial court to refuse to return the assets to the corporation because of Resnikoff's continued interest and official position in it. We must assume that the trial court considered these facts with all of the other facts in passing the order.

There is no error.

In this opinion the other judges concurred.