[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO OPEN JUDGMENT OF NONSUIT (#112)
CT Page 7014
From the record of this file, including the January, 22 1998, affidavit of Attorney Ira Grudberg, which this court finds credible, this court finds as a matter of fact and law that its October 22, 1992, judgment of nonsuit was erroneously entered as a result of clerical error. The court so concludes for two reasons either of which alone makes the challenged judgment void.
First, the court finds as a matter of fact that plaintiff's counsel had no notice of the underlying predicate order of September 3, 1992, at least as of October 22, 1992, when the judgment of nonsuit predicated upon noncompliance with that order was issued. There is no indication such notice was ever sent to either party.
Secondly, as of October 22, 1992, there was no indication whatsoever in the court file that the plaintiff had failed to comply with the order of September 3, 1992. Such noncompliance was the condition precedent to the entry of a nonsuit. Absent such indication there simply was no basis for the entry of a nonsuit and the clerk should not have issued it. Moreover, from Attorney Grudberg's affidavit, there was in fact compliance before the entry of the nonsuit. Even though the plaintiff's purported compliance was challenged by the defendant's September 23, 1992 motion to compel, and its subsequent January 21, 1993, motion for order of compliance, neither of these two motions has ever been decided. At a minimum, despite the defendant's assertion to the contrary, there still exists a contested issue of fact concerning the adequacy of compliance which must be resolved by the court before the court can find a violation of its September 3, 1992 order upon which a nonsuit can be predicated. This was never done by this court personally or by any other judge. This court was unaware that the October 22, 1992 judgment had been entered under its authority. The court concludes the judgment was based upon clerical error or a misapprehension of the state of the record.
Despite the language of its September 3, 1992 order, no nonsuit could have entered unless there was a failure to timely comply. In the absence of such indication in the court file, the clerk had no authority to issue a judgment of nonsuit on October 20, 1992. That judgment, in view of the state of the record at its entry, was erroneous and is therefore set aside. This is not CT Page 7015 a question of an erroneous judgment in that it was incorrect in its application of the law. This judgment should never have been issued. The court's power to retrieve a mistakenly entered judgment derives from its inherent authority over its own judgments and is not dependent upon any statutory or practice book authority contrary to the defendant's argument. Accordingly, such arguments are moot. Stolman v. Boston Furniture Co.,120 Conn. 235, 242 (1935).
To allow this judgment to stand would produce an injustice. Litigants should not be responsible for court error. The plaintiff did not know such judgment had issued. Neither did the defendants as they continued to file pleadings and to depose the plaintiff after the judgment was entered. To label the plaintiff responsible for an error not of its making is an unfair penalty to impose.
Even within the confines of 52-212a the plaintiff's four month window of opportunity did not run before this motion was filed. The court finds no actual notice given this record. There is no customary certification by the clerk's office that notice of either the September 3, 1992 order of the October 22, 1992 judgment was ever sent to the parties. There was no letter sent by defense counsel indicating judgment and the reason; for it. The exchange of correspondence between counsel contains conflicting judgment dates. The parties continued to litigate. Here, the judgment was mistakenly entered. These factors distinguished DiSimone v. Vitello, 6 Conn. 390 (1986).
Nor does the court find constructive notice on this record. The parties ongoing active litigation post judgment undercuts this argument. The absence of a notice of trial assignment, a status conference or a pretrial conference is meaningless in view of the court's congested and backlogged docket. The reality of the courthouse does not suggest a failure to exercise due diligence. Nor does fielding inquiries from the probate court, particularly where most of such inquiries were in 1992 and 1993 when this case was in its infancy. The last response to probate court was in March, 1997, at a time when there is no claim plaintiff's counsel actually knew of the judgment.
The court further finds that the defendants, by their post judgment conduct reflected in both the Grudberg affidavit and the court file, waived the provision of P.B. 326, now P.B. 17-4(a), and submitted to the jurisdiction of the court. CT Page 7016
Motion Granted.
Licari, J.