William C. Hecht, Jr., J.
This is a proceeding to permit petitioner to inspect and copy the stock book of respondent corporation and to enjoin the holding of any stockholders’ meeting *292 until 30 days after the inspection has been completed. In a companion proceeding, submitted to the court simultaneously herewith, the same petitioner seeks permission to inspect and copy specified books and records of the corporation other than the stock book. In that proceeding, also, petitioner requests an injunction against the holding of any stockholders’ meeting until 30 days after the completion of the desired inspection. In each petition it is alleged, inter alia, that petitioner is the registered owner of 5,670 shares of respondent corporation, and that a corporation of which he is the sole stockholder, is the registered owner of 89,200 additional shares. It is further alleged that petitioner has owned his stock for more than a year; that the inspection is not sought for the purpose of communicating with stockholders in the interest of a business or object other than the business of the corporation; that petitioner ‘‘ has never sold or offered for sale any list of stockholders of the corporation, or any other corporation, or aided or abetted any person in procuring any such list for any such purpose ”.
It is also averred that a demand made upon the corporation for the desired inspection has been ignored. In addition to these allegations, each petition sets forth in some detail the reasons why the inspection is sought. Petitioner alleges, for example, that according to newspaper articles an asset of the corporation, worth more than $14,000,000, and the corporation’s “ major, if not most important asset ”, has been transferred to another company for 700,000 shares of the latter’s stock, and that this was done without notice to petitioner or other stockholders.
Petitioner also avers that the corporation increased its outstanding common stock from 2,104,764 shares to 2,804,764 shares by issuing 700,000 shares to a company known as County Equities, Inc., about which petitoner has been able to learn very little. The publicity which has leaked out has resulted in a 50% drop in the market price of respondent corporation’s stock. Efforts to obtain information from the corporation have proved unsuccessful.
Petitioner claims that he has accordingly brought the discovery and inspection proceedings for the protection of his substantial investment in the corporation. He states that “ the purpose of the inspection is to obtain for discussion with other stockholders information relating to transactions which have been carried on by the management and of considering with the stockholders what measure should be taken for the protection of the stockholders and what steps should be taken at the next *293 annual meeting of stockholders with respect to the election of a Board of Directors to manage the future affairs of the corporation
Instead of submitting the answer and answering affidavits required by section 1291 of the Civil Practice Act, respondent corporation has made a preliminary motion (1) to strike out each petition on the ground that it does not contain a plain and concise statement of the material facts or, in the alternative, to dismiss so much of each petition as seeks to enjoin a stockholders’ meeting. In addition, respondent corporation seeks, in-the alternative, to strike out most of the allegations of the petition in the instant proceeding as ‘ ‘ redundant, irrelevant, scandalous and immaterial ’ ’.
If the only relief sought in each proceeding were an inspection of the corporate books and records, it might perhaps be that many of the allegations of each petition would be subject to criticism as unnecessary and evidentiary as well as premature, prior to any attack upon petitioner’s good faith in respondents’ answering papers. It is unnecessary, however, to consider this question in view of the fact that the allegations of each petition are material and necessary — in connection with the prayer of each petition for a stay of any meeting of stockholders until 30 days after the completion of the inspection. In order to justify the granting of this drastic relief, petitioner is obliged to show, as he has done, that there is reasonable basis for suspecting or believing that the present management has been engaged in questionable transactions which might be extremely injurious to its stockholders.
The contention of respondent corporation that injunctive relief may not be granted in a proceeding under article 78 of the Civil Practice Act is sufficiently answered by referring to the recent opinion of the Appellate Division of this department in Matter of Ohrbach v. Kirkeby, (3 A D 2d 269) decided March 12, 1957, where Mr. Justice Breitel, writing for the court, said (p. 272): “ Viewing the proceeding as one brought under article 78, there is statutory power, under section 1299, to grant a stay, pending the final order of the court. (Cf. Matter of Dietz, 138 App. Div. 283, 286.) ” The court added (p. 273): “ From still another aspect, there is authority for the view, that, generally, in ordering the maintenance of the status quo ante pending its determination, a court, is exercising an inherent power, not dependent upon statutory provisions governing the issuance of injunction pendente lite [citing cases]”. In that case, in a proceeding under section 25 of the General Corporation Law, a *294 stay of the scheduled annual election by stockholders was held to have been properly granted until the outcome of the pending application to set aside a previous election.
The applications addressed to each petition are denied, with leave to answer within 10 days from the service of a copy of each order to be entered with notice of entry. The prayer of each petition for a stay is granted to the extent of staying the holding of a stockholders’ meeting pending the further order of the court to be made after the submission of respondents’ answering papers. The prayer of the petition for an inspection will be held in abeyance pending the submission of respondents’ answering papers.
Settle order.