Arthur Markbwich, J.
Plaintiffs seek declaratory judgment against defendants as to the rights of the former, a New York insurance company engaged in the licensed writing of bail bonds, and two of its licensed bondsmen — agents, under the provisions of sections 554-b and 554-c of the Code of Criminal Procedure, in their relations with the latter, who are the Chief City Magistrate and two other City Magistrates, of whom one is that court’s Director of Administration. (The Superintendent of Insurance, against whom no relief is sought, is a nominal party defendant, not involved in this motion.) Defendants have here moved to dismiss the complaint pursuant to rule 112 of the Rules of Civil Practice; plaintiffs have cross-moved under rule 113 for judgment. (Plaintiffs’ separate motion to strike portions of the answer is not reached; see below.)
The controversy simmers down to a narrow issue: May a magistrate refuse to approve a bail bond, proper in form and substance, presented to him by an authorized and licensed agent of a licensed surety upon the ground that such agent is an *1021 “ executing agent ” and not the “ initiating agent ” ? In each instance where there has been such refusal, the presenting person, a licensed agent of plaintiff company, has for some reason of urgency or necessity, executed and presented the bond to assist another licensed authorized agent of the same company who has initiated the transaction. In the course of the controversy, and order, for a time, banned acceptance by magistrates of any such bond; before such order a licensed agent of plaintiff company with an office, for example, in Brooklyn, who had received the request for a bail bond and negotiated the transaction with the representative of a defendant, charged, for example, in The Bronx Magistrates ’ Courts, would have, ordinarily, telephoned a request to a fellow agent with a Bronx office to handle the matter for him and their company; by the application of such order, he was forbidden to do so and would have had to go to The Bronx court himself to present the bond personally. The order was soon rescinded.
This is not in any sense a general review of defendants’ acts and it would serve no purpose to recite here the intervening stages of the affair. As matters stand now, an outstanding directive to the clerks in the various branches of the City Magistrates ’ Courts requires clerks to point out to Magistrates, first inquiring to ascertain the facts, those situations where the presenting bondsman is “ executing ” only and not “initiating agent.” The practical effect is that so-called discretion has been exercised to refuse acceptance of such bonds, and plaintiffs have been hampered thereby in carrying on their business, and for no other reason that appears other than that the “ executing agent ’ ’ is such.
It is observed that something was said in the papers to the effect that defendants considered plaintiff company “ a poor moral risk” — whatever that may mean. Plaintiffs have presented undenied statistics to show a ratio of 157 defaulting defendants in criminal cases out of 50,421 bailed. Such risk does not seem to have been a reason assigned by any defendants for the practice complained of for, if applied it would logically result in the complete ban of plaintiff company; such a finding could have been made properly, not by defendants, but by the Superintendent of Insurance — and it was not. In any event, the prayer for relief does not seem to seek a determination on this score.
Does the complaint ■ set forth facts to present a justiciable question to be determined by way of declaratory judgment? There is a justiciable dispute, as has been found by the Justice who granted plaintiffs’ motion for temporary injunction (15 *1022 Misc 2d 973), with respect to the meaning and application of sections 554-b and 554-c of the Code of Criminal Procedure and plaintiffs’ rights thereunder. A question is presented, in short, as to whether plaintiffs are to conduct their business in the present manner, risking the result that executing agents will be refused consideration, and that bonds tendered by them will be refused. On that question" the court may and does pass. Defendants’ motion to dismiss is denied.
The question is examined in the light of the justiciable question presented and it is found divided into admissions, denials, and much that is beside the issue before the court. An example of the latter may be seen in the many adversions to reports of investigators, official and unofficial, going back to 1932, on the evils to be found in the bail bond complex. None of this is germane to the issue. For one thing, the practice frowned on by the defendants is mentioned nowhere in such reports, nor is there anything set forth which demonstrates it to be illegal, immoral, unethical, or violative of any regulation so long as — and the contrary has not even been hinted — there is full disclosure made of all relevant facts and circumstances. The matter presented by this and other similar defenses has no relevancy to the instant proceedings. Looking to the denials, it is found that all those which appear to have substance must "be disregarded, for they fly in the face of either admissions or of the inferences which must be drawn from uncontroverted documents. There remains no factual issue, and the facts set up by the complaint stand without real denial.
The trouble with the answer is that most of it is addressed to to what this is not, i.e., a proceeding to review the exercise of discretion. Whatever discretion is granted to a magistrate in this area is set forth in subdivision 2 of section 554-b of the Code of Criminal Procedure and nothing therein bears on the practice interdicted by defendants. It is interesting to observe that the Superintendent of Insurance has a vastly wider area of discretion in relating to the granting or revocation of licenses, and plaintiffs’ licenses remain in force. And, even if discretion did repose in defendants, there is every indication that it was not exercised, and that no inquiry was made along any legitimate line seeking the unearthing of evil and, to that end, the penetration of concealment. Bather, what was done was done arbitrarily for the narrow reason that the presenting agent did not initiate, and this lies outside the power of a magistrate.
As worthy as the object may be and as earnest as the intentions obviously are, this is an act of unwarranted judicial legislation, and it may not continue. If an evil does exist, recourse may be *1023 had to the Department of Insurance or, if other means are needed, there should be an appeal to the Legislature, but the restriction imposed, amounting to virtual exclusion from a lawful occupation, may not be continued in the form in which it is made known to the court. Plaintiffs have a right to pursue the course they insist upon, and it is so determined.
Plaintiffs’ cross motion is granted. The judgment to be submitted will provide for declaration strictly in conformity herewith. Plaintiffs have moved additionally for relief pursuant to sections 241 and 261 of the Civil Practice Act, and rule 103 and subdivision 6 of rule 109 of the Rules of Civil Practice. By reason of the dispositions hereby made, such application has become academic and it is dismissed.