William C. Hecht, Jr., J.
Petitioner in this article 78 proceeding seeks an order for inspection of the stockbook or stock-list of the respondent corporation, and a stay of the stockholders’ meeting of the corporation now scheduled for May 17, *325 1961 until a date 20 days after such inspection has been completed. It is conceded that respondent is a Delaware corporation qualified to do business in this State and that petitioner is a duly elected director of the company. The question as to whether he is also a stockholder of record is in dispute. In any event, petitioner claims he is a beneficial owner, if not technically an owner of record.
It further appears that after repeated demands, petitioner was denied access to the stockbook presumably on the ground that he was not a stockholder of record and that inspection was sought unrelated to the performance of his duties as a director. It is obvious from the papers submitted that a proxy fight may be brewing in the respondent corporation which the current management is seeking to avert.
Regardless of petitioner’s status as a stockholder, a director of a foreign corporation actively functioning in this State “ has an absolute, unqualified right to inspect its books and records ” (Matter of Newmark v. C & C Super Corp., 3 A D 2d 823, affd. 3 N Y 2d 790). Respondent’s contention that this rule is inapplicable where inspection is sought for purposes inimical to the interests of the corporation is not questioned. However, where the right to inspection otherwise exists, the fact that it is sought for the apparent purpose of ousting the present management is not of itself considered to be an act of bad faith detrimental to corporate interests (Murchison v. Alleghany Corp., 27 Misc 2d 290, affd. 12 A D 2d 753; Matter of Smith v. Republic Pictures Corp., 144 N. Y. S. 2d 142; see, also, 15 A. L. R. 2d 80 et seq.). Petitioner’s right to inspection is, therefore, unequivocally established and is not precluded by the fact that he may seek to oust the current management.
In opposing the injunctive relief herein sought, respondent invokes the general rule that a court should not assume jurisdiction, by injunction or otherwise, in the management of the internal affairs of a foreign corporation (17 Fletcher’s Cyclopedia Corporations, § 8425). This rule, however, is not without limitations, and the principles behind it lose their efficacy where, as in the matter at bar, the corporation is foreign in a technical sense only (Levy v. Pacific Eastern Corp., 153 Misc. 488; see, also, 72 A. L. R. 2d 1220 et seq.). Thus, where records are kept in this jurisdiction, and business is transacted here, reason and expediency should prevail and relief should be afforded if warranted (Tarlow v. Archbell, 47 N. Y. S. 2d 3, affd. 269 App. Div. 837, affd. 296 N. Y. 757).
The arbitrary refusal by the management of the respondent corporation to permit inspection of the stockbook, has prevented *326 petitioner from pursuing a course tie deemed advisable with respect to the proposed meeting. Since such meeting will be held in the near future, a right to inspection unaccompanied by ancillary injunctive relief would be, understandably, ineffectual. There is no question that a stockholders ’ meeting may be temporarily stayed pending completion of an inspection of corporate books when grounds for equitable relief exists (Matter of Weinstein v. Swan-Finch Gorp., 7 Misc 2d 291). That the meeting is not scheduled to take place in this jurisdiction, or even in the corporation’s domiciliary jurisdiction, but in Prescott, Arizona, is not persuasive to defeat the relief sought. Where jurisdiction of the parties is assumed, this court may render an injunctive decree having extraterritorial effect in appropriate circumstances (Matter of Newmark v. C & C Super Corp., 3 A D 2d 823, affd. 3 N Y 2d 790, supra).
The petition is accordingly granted in all respects.